The appellant was indicted on charges of assault, escape, and two counts of robbery, all in the first degree. He was found guilty in a jury trial of one count of robbery in the first degree, one count of robbery in the third degree, assault, and escape. The trial court sentenced him to life imprisonment on each of the robbery convictions, to 20 years' imprisonment on the assault conviction, and to 10 years' imprisonment on the escape conviction, with all the sentences to run concurrently. The court also ordered him to pay a $50 victims' compensation assessment, attorney fees, and the costs of court.
Evidence at trial tended to show that late one afternoon, the appellant entered the restroom of Pritchard laundromat. When he left the restroom, he approached the attendant, placed a knife to her chest, and demanded money. She gave him approximately $200 from the cash drawer, and he fled. She gave his description to the police officers who responded to her call about 10 minutes later. The officers returned within about 10 minutes with the appellant. Officer Eddie Goff took custody of a knife, which was identified by an apprehending officer as the one used in the robbery. After the attendant identified the appellant as the robber, the officers arrested him and took him to police headquarters. There he was advised of his rights and signed a written statement in which he denied any involvement in the robbery. Goff testified that, although while they were at headquarters he had handcuffed the appellant's left hand to a chair, the appellant apparently succeeded in freeing himself. Goff said the appellant stood and, saying that no one was going to return him to the penitentiary, he threw Goff against the wall. He then struck Goff in the head with a nearby baseball bat and took Goff's gun. Pointing the gun at the officer, he demanded Goff's wallet. Before fleeing, he struck Goff in the head with the gun. The appellant testified in his own behalf that he knew nothing of the laundromat robbery. He said that Goff had slapped him during questioning and that he had been injured when they struggled over a baseball bat Goff was threatening to use on the appellant. He said that he had taken the officer's wallet in the mistaken belief that it was his own.
 I.
The appellant contends that the trial court erred in admitting into evidence the knife allegedly used in the robbery because the State did not establish a proper chain of custody. He argues that there was nothing to show the circumstances of the knife's discovery or its condition.
However, the appellant's argument cannot be considered on appeal. He made no objection when the knife was identified by the laundromat attendant as the one used in the robbery but instead sought to raise the issue in a motion to exclude after the case had ended and in a motion for a *Page 366 
new trial prior to sentencing. A motion to exclude or for a judgment of acquittal is not sufficient to preserve the issue if no timely objection was made when the evidence was offered.Newsome v. State, 570 So.2d 703 (Ala.Cr.App. 1989). Objections to the admission of evidence must be made when the evidence is offered, along with specific grounds to allow the trial court to rule. Jelks v. State, 411 So.2d 844 (Ala.Cr.App. 1981).
 II.
The appellant contends that the trial court erred in denying his motion for a mistrial because, he says, the prosecutor's comment that the knife "probably came from Officer Holcomb" constituted an impermissible vouching for the evidence. However, this contention cannot be considered on appeal, because the motion for a mistrial was not made until after the jury had been charged and excused. In Hughley v. State,574 So.2d 991 (Ala.Cr.App. 1990), the Court determined that an objection to the prosecutor's rebuttal made after the jury had been charged with the law and excused for a break is untimely.
 III.
The appellant asks that we remand this cause for resentencing because, he argues, the trial court lacked jurisdiction to sentence him to life imprisonment on his conviction of robbery in the third degree. He states that he had only one qualifying felony under the Habitual Felony Offender Act. We note that the record contains no proof of any qualifying prior convictions.
As defined in § 13A-8-43, Code of Alabama 1975, the offense of robbery in the third degree is a Class C felony. On conviction of a Class C felony, a criminal defendant with a single prior felony conviction must be punished for a Class B felony. See § 13A-5-9(a), Code of Alabama 1975. Because the sentence prescribed for a Class B felony is not more than 20 nor less than 2 years, see § 13A-5-6(a)(2), Code of Alabama
1975, the appellant's sentence of life imprisonment is clearly improper.
Therefore, this cause must be remanded to the trial court, with directions to conduct a new sentencing hearing at which the appellant is properly sentenced under § 13A-5-6(a)(2), Codeof Alabama 1975. A record of the resentencing should be filed with this Court within 28 days of the date of this opinion.
REMANDED FOR PROPER SENTENCING.
All Judges concur.