* Note from the Reporter of Decisions: The Supreme Court denied certiorari review under the style Ex parte Earl Kendall Draper.
The appellant, Earl Kendell Draper, was convicted of possessing a controlled substance, cocaine. He was sentenced to 10 years in prison.
The state's evidence tended to show that on December 5, 1991, a search of an apartment where the appellant was present revealed 69 rocks of crack cocaine. Officer Jim Winn of the Huntsville Police Department testified that on December 5, 1991, he executed a search warrant on an apartment rented by Sherrie Wade. Winn testified that when he executed the search warrant, the appellant, Wade, and Karen Birdsong were present in the apartment. The officers found 51 rocks of cocaine in Birdsong's brassiere. A search of a brown tote bag located about 15 feet from the appellant revealed 18 rocks of crack cocaine. Also present in the bag were hair clippers and a toothbrush.
Sherrie Wade testified that the appellant, an acquaintance of hers, had come to her apartment and had asked if he could take a shower and cut his hair. He was carrying a brown tote bag.
Karen Birdsong also testified that the appellant said that he wanted to take a shower and to cut his hair. She also testified that the appellant was carrying a brown tote bag.
 I
The appellant initially argues that the trial court erred in allowing Sherrie Wade, a jointly indicted co-defendant, to testify without first complying with § 12-21-223, Code of Alabama 1975. That Code section states:
 "When two or more defendants are jointly indicted, the court may, at any time before the evidence for the defense has commenced, order any defendant to be discharged from the indictment in order that he may be a witness for the prosecution, and such order operates as an acquittal of such defendant, provided he does testify."
However, the appellant did not object to Sherrie Wade's testimony until he filed his motion for a new trial.[1] This objection, therefore, was not timely and did not preserve the issue for this court's consideration. As stated in Craig v.State, 616 So.2d 364 (Ala.Cr.App. 1992):
 "[T]he appellant's argument cannot be considered on appeal. He made no objection when the [testimony was received into evidence] but instead sought to raise the issue in a . . . motion for a new trial prior to sentencing. . . . Objections to the admission of evidence must be made when the evidence is offered, along with specific grounds to allow the trial court to rule. Jelks v. State, 411 So.2d 844 (Ala.Cr.App. 1981)."
616 So.2d at 365-66.
 II
The appellant next argues that the state failed to present any evidence independent of accomplice testimony that tended to show his guilt.
Both Wade and Birdsong were indicted for possessing cocaine. Section 12-21-222 states:
 "A conviction of felony cannot be had on the testimony of an accomplice unless corroborated by other evidence tending to connect the defendant with the commission of the offense, and such corroborative evidence, if it merely shows the commission of the offense or the circumstances thereof, is not sufficient."
(Emphasis added.)
This court stated in Chevere v. State, 607 So.2d 361
(Ala.Cr.App. 1992):
 " 'Corroborate' is defined as to 'strengthen; to add weight or credibility to a thing by additional and confirming facts or evidence.' Black's Law Dictionary 344 (6th ed. 1990). The evidence presented in corroboration does not have to be enough standing alone to result in a conviction. The corroborating evidence need not be 'strong.' Andrews v. State, 370 So.2d 320, *Page 1285 
322 (Ala.Cr.App.), cert. denied, 370 So.2d 323
(Ala. 1979). See also Reed v. State, 407 So.2d 153
(Ala.Cr.App. 1980), rev'd on other grounds, 407 So.2d 162 (Ala. 1981).
 "Section 12-21-222, 'does not require corroborative testimony as to material elements of the crime. . . .' Ex parte Bell, 475 So.2d 609, 613
(Ala.), cert. denied, 474 U.S. 1038, 106 S.Ct. 607, 88 L.Ed.2d 585 (1985), but, the corroborative evidence must 'tend to connect the defendant with the commission of the crime.' § 12-21-222, Code of Alabama 1975. 'The corroboration of an accomplice may be shown by circumstantial evidence.' Kuenzel v. State, 577 So.2d 474, 515 (Ala.Cr.App. 1990), aff'd, 577 So.2d 531 (Ala. 1991), cert. denied, ___ U.S. ___, 112 S.Ct. 242, 116 L.Ed.2d 197 (1991)."
607 So.2d at 365.
Officer Winn testified that when he arrived at the house to execute the search warrant, the appellant was in the process of cutting his hair. The bag, located about 15 feet from the appellant, in which the 18 rocks of cocaine were found also contained hair clippers and a toothbrush. This is sufficient corroboration to satisfy § 12-21-222.
 III
The appellant next argues that the search of Wade's apartment was illegal because the officers executing the warrant failed to "knock and announce:"
 "To execute a search warrant, an officer may break open any door or window of a house, any part of a house or anything therein if after notice of his authority and purpose he is refused admittance."
§ 15-5-9, Code of Alabama 1975.
Initially, we observe that this issue has not been preserved for our consideration. When the motion to suppress the cocaine was made, no objection was raised concerning the officer's failure to "knock and announce." This issue was not brought to the court's attention until the appellant made a motion for a judgment of acquittal at the end of the state's case. This objection was not timely. "A motion to exclude or for a judgment of acquittal is not sufficient to preserve the issue if no timely objection was made when the evidence was offered."Craig, 616 So.2d at 366.
Furthermore, we agree with the state's contention that the appellant has no standing to challenge the search of Wade's apartment because he had no expectation of privacy in the apartment.
 "When a motion to suppress evidence in a criminal case is based on the ground that the evidence was obtained in violation of the Fourth Amendment, one issue is whether the movant has standing to assert the claim and to seek the remedy of exclusion. See LaFave, 4 Search and Seizure § 11.3 (2d ed. 1987). The rights afforded protection by the Fourth Amendment are personal rights. See Simmons v. United States, 390 U.S. 377, 389, 88 S.Ct. 967, 974, 19 L.Ed.2d 1247 (1968). To show that a party has standing to object to a search, the party must have a possessory interest in the premises searched. Rakas v. Illinois, 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387
(1978). . . . The ' "capacity to claim the protection of the [Fourth] Amendment depends not upon a property right in the invaded place but upon whether the area was one in which there was a reasonable expectation of freedom from governmental intrusion." ' Mancusi v. De-Forte, 392 U.S. 364, 368, 88 S.Ct. 2120, 2123, 20 L.Ed.2d 1154 (1968), quoting Katz v. United States, 389 U.S. 347, 352, 88 S.Ct. 507, 511, 19 L.Ed.2d 576 (1967). 'A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed.' Rakas, 439 U.S. at 134, 99 S.Ct. at 425."
Williams v. State, 601 So.2d 1062, 1070 (Ala.Cr.App. 1991).
 IV
Last, the appellant argues that the indictment against him was flawed because, he argues, it failed to allege a "culpable state of mind." Specifically, he contends that the indictment failed to charge that he knowingly possessed the cocaine and that, therefore, the *Page 1286 
court lacked jurisdiction to enter a judgment against him.
This issue was presented to the trial court in a motion for a new trial.[1] The objection was therefore not timely and this issue has not been preserved for our review. The Alabama Supreme Court in Ex parte Harper, 594 So.2d 1181 (Ala. 1991), held that an objection to the indictment is not preserved if raised for the first time in a motion for a new trial. 594 So.2d at 1191.
Furthermore, the court in Harper held that an "indictment [is] not void for its failure to allege that the distribution of the controlled substance was 'knowingly' done." 594 So.2d at 1195.
For the foregoing reasons, the judgment is due to be affirmed.
AFFIRMED.
All the Judges concur.
[1] The appellant is represented by different counsel on appeal.