Robert Allen Reed was convicted of assault in the first degree for an assault on David Bowen, a violation of §13A-6-20, Ala. Code 1975, and assault in the second degree for an assault on Robert Spurling, a violation of § 13A-6-21, Ala. Code 1975. He was sentenced under the Alabama Habitual Felony Offender Act (HFOA) to life in prison on the first-degree assault charge and was sentenced to 15 years' imprisonment on the second-degree assault charge. The 15-year sentence was to be served concurrently with the sentence of life imprisonment.
The facts giving rise to the assault charges began when Reed, David Bowen, Robert Spurling, and Joyce Farmer were drinking one evening at a local bar. The jury heard testimony that, later during the evening, Reed went to Bowen's house and accused Bowen of having an affair with his girlfriend, Farmer. An altercation ensued. Spurling arrived and Reed struck Spurling on the forehead with a beer bottle. Things eventually settled down, and Reed, Bowen, Spurling, and Farmer continued drinking at Bowen's house.
In the early morning hours of the next day, another argument began while Reed, Bowen, Spurling, and Farmer were traveling *Page 864 
together in Spurling's pickup truck. Bowen, who was driving, stopped the truck and Reed got out. As Bowen pulled away, Reed jumped into the bed of the truck and threw a hammer through the rear window. The hammer hit Spurling in the back of the head, ricocheted off Spurling, and hit Bowen. Bowen then stopped the truck and Reed jumped out of the bed. Testimony reveals that Reed then broke the driver's side window and that he pulled Bowen out of the truck and proceeded to beat him with a crescent wrench. (R. 42.) Testimony was also presented that Reed struck Spurling with the same wrench.
As noted above, the jury found Reed guilty of first degree assault as to David Bowen and of second degree assault as to Robert Spurling.
 I.
On appeal, Reed challenges the sufficiency of the evidence to support his convictions. Specifically, he contends that insufficient evidence was presented as to the extent of the injuries suffered by David Bowen and Robert Spurling.
Before addressing the merits of this argument, we must first determine if this issue was adequately preserved for appellate review. Rule 20.3(a) of the Alabama Rules of Criminal Procedure provides:
 "After a verdict or the entry of a judgment of conviction, the defendant may move for a judgment of acquittal, or the court, on its own motion, may grant a judgment of acquittal. It shall not be necessary to the making of the motion after a verdict or judgment of conviction that a similar motion have been made prior to the submission of the case to the factfinder."
Rule 20.3(c), Ala.R.Crim.P., provides:
 "A motion for judgment of acquittal may be made in addition to a motion for a new trial . . . or a motion in arrest of judgment . . . or may be joined with either of those motions as an alternative prayer for relief within the same motion."
The Committee Comments to Rule 20.3, Ala.R.Crim.P., state that the usual procedure will be to join in a single motion a motion for a judgment of acquittal based on insufficiency of the evidence and a motion for a new trial based on other grounds. This court noted in Pearson v. State, 601 So.2d 1119, 1124
(Ala.Crim.App. 1992):
 "A question of sufficiency is presented when the State fails to establish a 'prima facie case,' see C. Gamble McElroy's Alabama Evidence § 449.05 (4th ed. 1991), whereas a question of weight is presented when the State's evidence is palpably less persuasive than the defense evidence, see Parker v. State, 395 So.2d 1090, 1103 (Ala.Cr.App. 1980), cert. denied, 395 So.2d 1103 (Ala. 1981)."
Although we recognize that the distinction between the weight of evidence and the sufficiency of the evidence is often confused and that these terms are many times used interchangeably, it is imperative that a question of sufficiency be raised in the trial court and ruled upon to preserve this issue for appellate review. Here, Reed did not make a motion for a judgment of acquittal based on insufficiency of the evidence. (R. 98.) Rather, after the jury's verdict, Reed filed a motion entitled a "Motion for a New Trial," in which he alleged the following:
 "(1) [T]hat the jury in this cause returned inconsistent verdicts;
 "(2) [T]hat the judgment entered by this court is contrary to the evidence;
 "(3) [T]hat the judgment entered by this court is contrary to the law; and
 "(4) [T]hat the interests of justice would be better served by setting said judgment aside and granting a new trial."
(C.39)
These grounds are similar to those raised in Johnson v.State, 500 So.2d 69 (Ala.Cr.App. 1986), in which this court held that the appellant's motion for a new trial lacked the required specificity to present the issue of sufficiency of the evidence to the trial court. A "scattergun" approach in a motion for a new trial "does not squarely present to the trial court the issue of the sufficiency of the evidence; consequently, it is insufficient to preserve the issue for appellate review." Johnson v. State, 500 So.2d 69 (Ala.Cr.App. 1986). *Page 865 
Because Reed did not specifically challenge the sufficiency of the evidence, we are procedurally barred from reviewing this issue and we make no determination as to the sufficiency of the evidence to support Reed's convictions.
 II.
Next, Reed contends that the trial court erred in refusing to instruct the jury on lesser included offenses. Specifically, Reed requested that the trial court charge the jury on second degree assault as to Bowen and on third degree assault as to Spurling.
The criteria for determining what is a lesser included offense is set out in § 13A-1-9, Ala. Code 1975:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
 "(2) It consists of an attempt or solicitation to commit the offense charged or to commit a lesser-included offense; or
 "(3) It is specifically designated by statute as a lesser degree of the offense charged; or
 "(4) It differs from the offense charged only in the respect that a less serious injury or risk of injury to the same person, property or public interests, or a lesser kind of culpability suffices to establish its commission.
 "(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense."
In determining whether the trial court erred in failing to charge the jury on lesser included offenses, we set out the following definitions of assault and its elements:
 "(a) A person commits the crime of assault in the first degree if:
 "(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument. . . ."
§ 13A-6-20(a)(1), Ala. Code 1975.
 "Serious Physical Injury. Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."
§ 13A-1-2(9), Ala. Code 1975.
 "(a) A person commits the crime of assault in the second degree if. . . .:
". . . .
 "(2) with intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or dangerous instrument."
§ 13A-6-21(a)(2), Ala. Code 1975.
 "Physical Injury. Impairment of physical condition or substantial pain."
§ 13A-1-2(8), Ala. Code 1975.
 "Dangerous Instrument. Any instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is highly capable of causing death or serious physical injury. . . ."
§ 13A-1-2 (12), Ala. Code 1975.
 "(a) A person commits assault in the third degree if:
 "(1) With intent to cause physical injury to another person, he causes physical injury to any person."
§ 13A-6-22(a)(1), Ala. Code 1975.
 A.
Whether Bowen suffered "serious physical injury," as that term is defined in § 13A-1-2(9), or only "physical injury," as that term is defined in § 13A-1-2(8), determines whether the jury should have been instructed on assault in the second degree as a lesser included offense of assault in the first degree. Second-degree assault differs from first-degree assault only in that the injuries inflicted in first-degree assault are serious physical injuries. Therefore, assault in the second degree is a lesser included offense of assault in the first degree.
The defendant is entitled to a charge on a lesser included offense when there is a *Page 866 
reasonable theory from the evidence supporting the defendant's position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973).
 "[E]very accused is entitled to have charges given which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however, weak, insufficient, or doubtful in credibility."
Ex parte Stork, 475 So.2d 623, 625 (Ala. 1985), quoting Exparte Chavers, 361 So.2d 1106, 1107 (Ala. 1978).
The medical record reflects that Bowen was hospitalized for 23 hours under observation for a maxillary fracture, multiple contusions, closed head injury, and acute alcohol intoxication. Testimony was also presented that the assault rendered Bowen unconscious. In total, Bowen was hospitalized from May 26 to May 31. The evidence was uncontroverted that the majority of Bowen's hospital stay was attributable to health problems related to his alcoholism.
Depending on the weight it afforded the evidence and its determination of the credibility of the witnesses, the jury could reasonably have convicted Reed of second-degree assault, and the trial court should have so charged the jury. In other words, there is a rational basis for a verdict convicting Reed of second degree assault. Fulfilling its responsibility to determine questions of fact, the jury could have concluded that the injuries suffered by Bowen were not serious physical injuries. The trial court committed reversible error in failing to give the requested charge on the lesser included offense of assault in the second degree. Therefore, Reed's conviction of first degree assault for an assault on David Bowen must be reversed. We point out that our reversal of Reed's conviction for first-degree assault requires a new trial because our reversal is not based on a failure of proof, but rather on the trial court's error in refusing to instruct the jury on a lesser included offense.
Under the ruling in Burks v. United States, 437 U.S. 1,98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), the Double Jeopardy Clause prohibits a second trial once the reviewing court finds that a conviction cannot stand because of insufficient evidence. If the reviewing court reverses based on insufficient evidence, the State is precluded from trying the defendant for lesser included offenses. Ex Parte Beverly, 497 So.2d 519, 521 (Ala. 1986). "A judgment of conviction is a bar to further prosecution that was or could have been embraced within the charge upon which the conviction was laid." Beverly, 497 So.2d at 524.
In this case, as noted above, Reed failed to preserve the issue of the sufficiency of the evidence. Therefore, we are not holding that the evidence was legally insufficient to support Reed's conviction of assault in the first degree. Rather, we are holding that the trial court failed to properly charge the jury. As the Alabama Supreme Court noted in Beverly,
 "In short, reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the government has failed to prove its case. . . . Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions, or prosecutorial misconduct. When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished."
Beverly, 497 So.2d at 522. For the foregoing reasons, Reed's conviction for first-degree assault is reversed and his case remanded for a new trial.
 B.
In contrast, the trial court's refusal to charge the jury on assault in the third degree as a lesser included offense of second-degree assault as to Robert Spurling was proper.
In this case, Spurling testified that Reed struck him with a hammer and a crescent wrench. Spurling suffered from a 3-cm. laceration on the left side of his forehead and a 1.3-cm. laceration on the eyebrow. His *Page 867 
wounds were sutured and he was released from the hospital.
As noted above, assault in the second degree involves the use of a dangerous instrument, which is defined as follows:
 "Any instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is highly capable of causing death or serious physical injury. . . ."
§ 13A-1-2, Ala. Code 1975. Assault in the third degree, however, applies where there is intent to injure, but no deadly weapon or dangerous instrument is used. A person commits assault in the third degree if, "with intent to cause physical injury to another person, he causes physical injury to any person." §13A-6-22(a)(1), Ala. Code 1975.
A court may properly refuse to charge on a lesser included offense when it is "clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense." Phelps v. State, 435 So.2d 158
(Ala.Cr.App. 1983). In this case, the testimony was uncontroverted that Reed struck Spurling with both a hammer and a crescent wrench. Where, as here, the evidence is uncontradicted that a dangerous instrument is intentionally
used to inflict physical injury, such an offense is by definition assault in the second degree; the offense does not fall within the definition of assault in the third degree. SeeEx parte Williams, 484 So.2d 503 (Ala. 1986). Therefore, the trial court did not err in refusing to include a charge on the lesser included offense of assault in the third degree as to Robert Spurling.
Again, because it was not preserved, we do not address the sufficiency of the evidence to support Reed's conviction of second-degree assault.
 III.
Reed's final claim is that the trial court erred in denying his motions for a mistrial. The basis for these motions was the testimony of a State witness, Audrey Palmer. First, Reed alleges that Palmer was improperly allowed to testify because, he says, she was present during previous testimony, in violation of Rule 9.3(a), Ala.R.Crim.P. He also alleges that Palmer's nonresponsive answers, in which she stated that Reed used to beat her, warranted a mistrial.
A mistrial should be granted only when "a high degree of manifest necessity is demonstrated." Wadsworth v. State,439 So.2d 790, 792 (Ala.Cr.App. 1983), cert. denied 466 U.S. 930,104 S.Ct. 1716, 80 L.Ed.2d 188 (1984). The denial of a motion for a mistrial is within the sound discretion of the trial court, and its ruling will not be disturbed in the absence of a clear showing of abuse of discretion. Ex parte Jefferson,473 So.2d 1110, 1114 (Ala. 1985), cert. denied 479 U.S. 922,107 S.Ct. 328, 93 L.Ed.2d 300 (1986).
It is discretionary with the trial court whether to permit a witness who violates the rule excluding witnesses from the courtroom to testify. Johnson v. State, 648 So.2d 629, 634
(Ala.Cr.App. 1994). Here, the record reveals that although Palmer was present in the courtroom while other witnesses testified, her testimony was unrelated to that of previous witnesses. Under these circumstances, it was not error to allow her to testify.
As to any nonresponsive answers by Palmer, we note that the trial court gave a curative instruction to alleviate any potential prejudice. Specifically, the court stated: "[T]his lady has made several comments here about something that has nothing to do with this case and you are hereby instructed and ordered to disregard it and to put it out of your mind." The trial court then instructed Palmer that she would be held in contempt if she continued to make such statements.
Where, as here, any improper remarks can be eradicated and the "trial court acts promptly to impress upon the jury that improper [remarks] are to be disregarded by them in their deliberations, the prejudicial effects of such remarks are removed." Woods v. State, 460 So.2d 291, 295 (Ala.Cr.App. 1984). "Furthermore, when the 'trial court charges the jury to disregard improper remarks, there is a presumption against error.' " Parker v. State, 549 So.2d 989, 992 *Page 868 
(Ala.Cr.App. 1989), quoting Haywood v. State, 501 So.2d 515,519 (Ala.Cr.App. 1986).
In this case, the trial court remedied any potential prejudice by promptly giving a curative instruction and also admonishing the witness. (R. 96.) Therefore, there was no reversible error.
As concerns Reed's first-degree assault conviction, this judgment is reversed and the case remanded for proceedings consistent with this opinion. As to Reed's conviction for second degree assault, it is affirmed.
AFFIRMED AS TO CONVICTION FOR ASSAULT IN THE SECOND DEGREE (CC-96-798.03); REVERSED AS TO CONVICTION FOR ASSAULT IN THE FIRST DEGREE (CC-96-798.01); AND REMANDED.
All the Judges concur.