LONG, Presiding Judge.
John William Brown III was convicted of assault in the second degree, a violation of § 13A-6-21(a)(3), Ala.Code 1975. He was sentenced to six years’ imprisonment. The sentence was split, and he was ordered to serve 18 months in confinement, to be followed by 4 years on probation.
On appeal, Brown contends that the trial court erred in refusing his request that the jury be instructed on the lesser included offense of assault in the third degree, as defined at § 13A-6-22(a)(2), Ala.Code 1975.
The evidence presented at trial tended to show the following. Sometime between 3 p.m. and 4 p.m. on the afternoon of July 6, 1996, six-year-old Virginia Cantrell was playing with several other children in the street near the curb in front of Crystal Martin’s house on Ninth Avenue in Decatur. Amanda Peebles, who was babysitting Martin’s two sons, and Donna Cantrell, Virginia’s mother, were sitting on the front porch of Martin’s house, watching the children play. Peebles and Cantrell heard the squeal of tires and looked up to see an automobile pulling away from a stop sign one block south of Martin’s residence. According to Peebles and Cantrell, the car was approaching Martin’s residence at a high rate of speed. When the car reached Martin’s residence, it glanced off another car that was parked at the edge of the street and spun around, striking and injuring Virginia and two other children as they stood near the curb. Brown was driving the car that struck the children.
Robert Summerford, a passenger in the car driven by Brown, testified that as Brown approached Martin’s residence, Brown told him to “Watch this,” and said that he was “going to fuck with the kids.” (R. 223-24.) Summerford stated that Brown then swerved to the right, toward the children, and then jerked the steering wheel back to the left. At that point, Summerford said, Brown’s car “went sideways,” struck the parked car, and then hit the children. (R. 224.) According to Sum-merford, the children were standing in the street when Brown’s car hit them. Sum-merford stated that Brown was driving between 40 and 50 miles per hour when his car swerved. He testified that Brown was under the influence of alcohol at the time and was driving erratically before the incident.
The injuries to Virginia Cantrell formed the basis of the assault charges that were filed against Brown. Medical testimony revealed that Virginia suffered a broken arm as a result of being hit by Brown’s car. Dr. Verne Webster, the emergency room physician who treated Virginia at the hospital immediately after the incident, testified that Virginia had sustained a dis *489 placed fracture of her left humerus, the bone between the shoulder and the elbow, as a result of the accident. Dr. Webster stated that Virginia was complaining of pain in her arm as he treated her in the emergency room. After taking X-rays of Virginia’s arm and diagnosing the fracture, Dr. Webster called in an orthopedic physician, who set the fracture and placed Virginia’s arm in a cast. Virginia was released from the hospital that same evening. Dr. Webster testified that he did not treat Virginia again after the evening of the incident.
When questioned on cross-examination, Dr. Webster stated that he considered a broken arm to be a serious physical injury. He explained that such an injury required emergency treatment, and that if it were not treated, it could lead to disability or disfigurement. He stated that because he did not conduct any follow-up examinations on Virginia, he did not know whether she suffered any disfigurement or other complications as a result of her injury. On redirect examination, Dr. Webster stated that even if a break like the one suffered by Virginia was properly treated, there was a chance that such an injury could cause a loss of function in the arm, such as an inability to straighten the arm completely. On recross-examination, Dr. Webster testified that children generally recuperate from broken bones better than adults do; he acknowledged that most of the children he had treated for broken arms “come out of it just fine.” (R. 138.)
Donna Cantrell, Virginia’s mother, testified that Virginia wore a cast on her arm for two months after the incident. She stated that Virginia was in “a lot of pain” during that time, and that she cried every day. (R. 269.) Ms. Cantrell testified that Virginia continued to have trouble using her arm at the time of trial, some 16 months after the incident. She explained that Virginia “cannot pick up the stuff that she used to because she has to' use her right hand; she uses her left, and she can’t straighten her left arm all the way out.” (R. 270.) On cross-examination, Ms. Cantrell acknowledged that Virginia’s arm had been “getting better” over time. (R. 272.)
As noted above, the jury found Brown guilty of assault in the second degree, as defined at § 13A-6-21(a)(3), Ala.Code 1975. Brown contends that the trial court erred in refusing his request for an instruction on the lesser included offense of assault in the third degree, as defined at § 13A-6-22(a)(2).
Section 13A-6-21(a)(3), AlaCode 1975, provides: “A person commits the crime of assault in the second degree if ... [h]e or she recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.”
Section 13A-6-22(a)(2), Ala.Code 1975, provides: “A person commits the crime of assault in the third degree if ... [h]e recklessly causes physical injury to another person.”
An element of assault in the second degree, as defined at § 13A-6-21(a)(3), is that the victim has sustained a “serious physical injury.” An element of assault in the third degree, as defined at § 13A-6-22(a)(2), is that the victim has sustained a “physical injury.” Brown argues that he was entitled to have the jury instructed on the lesser included offense of assault in the third degree, defined at § 13A-6-22(a)(2), because, he says, the jury reasonably could have concluded that the injury sustained by Virginia Cantrell was not a “serious physical injury,” but was instead merely a “physical injury.” A defendant is entitled to an instruction on a lesser included offense where a reasonable view of the evidence supports the defendant’s position. Fulghum v. State, 291 Ala. 71, 277 So.2d 886 (1973).
Although the State concedes that there are circumstances under which assault in the third degree, as defined at § 13A-6-22(a)(2), may be a lesser included offense of assault in the second degree, as defined at § 13A-6-21(a)(3), the State argues that there was no evidence tending to bring Brown’s offense within the definition of the *490 lesser offense. The State argues that because the uncontroverted evidence showed that a “dangerous instrument,” i.e., Brown’s automobile, inflicted Virginia Cantrell’s injuries, Brown’s offense did not fall within the definition of assault in the third degree, as defined at § 13A-6-22(a)(2). Assault in the second degree, as defined at § 13A-6-21(a)(3), involves the use of a dangerous instrument, which is defined at § 13A-1-2(12), Ala.Code 1975, as “[a]ny instrument, article or substance which, under the circumstances in which it is used, attempted to be used or threatened to be used, is highly capable of causing death or serious physical injury, and such term includes a ‘vehicle,’ as that term is defined in subdivision (13) of this section.” Assault in the third degree, as defined at § 13A-6-22(a)(2), however, does not specify the instrumentality of the injury.
In arguing that there was no evidence bringing Brown’s offense within the definition of the lesser offense, the State relies on this court’s opinion in Reed v. State, 717 So.2d 862 (Ala.Cr.App.1997). In Reed, the defendant requested that the jury be instructed on assault in the third degree, as defined at § 13A-6-22(a)(l), Ala.Code 1975, as a lesser included offense of assault in the second degree, as defined at § 13A-6-21(a)(2). Assault in the third degree, as that offense is defined at § 13A-6-22(a)(l), and assault in the second degree, as defined at § 13A-6-21(a)(2), are both “intentional assaults,”[1] and both offenses involve the infliction of physical injury, as opposed to serious physical injury. The only difference between the elements of assault in the third degree, as defined at § 13A-6-22(a)(1), and assault in the second degree, as defined at § 13A-6~21(a)(2), is that assault in the second degree involves the use of a dangerous instrument. Accordingly, we held in Reed that “[wjhere ... the evidence is uncontradicted that a dangerous instrument is intentionally used to inflict physical injury, such an offense is by definition assault in the second degree.” 717 So.2d at 867 (emphasis added). Because the uncontroverted evidence in Reed showed that the defendant had intentionally used a dangerous instrument to injure his victim, we held that the defendant was not entitled to have the jury instructed on assault in the third degree, as defined at § 13A-6-22(a)(l), as a lesser included offense of assault in the second degree, as defined at 13A-6-21(a)(2).
However, Reed is inapposite to Brown’s case. The holding in Reed applied to the “intentional assault” provisions set forth at § 13A-6-21(a)(2) and § 13A-6-22(a)(l). Unlike the “intentional assault” provisions as issue in Reed, assault in the second degree, as defined at § 13A-6-21(a)(3), and assault in the third degree, as defined at § 13A-6-22(a)(2), are “reckless assaults.” Like the “intentional assault” statutes, the elements of “reckless assault” in the second degree, as defined at § 13A-6-21(a)(3), and “reckless assault” in the third degree, as defined at § 13A-6-22(a)(2), differ in that assault in the second degree, as defined at § 13A-6-21(a)(3), specifies that a dangerous instrument was used to cause the victim’s injuries. However, unlike the “intentional assault” statutes, the elements of “reckless assault” in the second degree and third degree differ also with respect to the extent of the injuries sustained by the victim: assault in the second degree, as defined at § 13A-6-21(a)(3), results in serious physical injury to the victim; assault in the third degree, as defined at § 13A-6-22(a)(2), results in physical injury to the victim. It is clear from this additional difference that assault in the third degree, as defined at § 13A-6-22(a)(2), applies to all “reckless assaults” involving the infliction of physical injury (as opposed to serious physical injury), *491 regardless of the instrumentality of the injury; for, if, as the State urges, Reed’s holding with respect to “intentional assaults” were to be applied to “reckless assaults,” so as to preclude a finding of assault in the third degree whenever a dangerous instrument was used to injure the victim, a “reckless assault” committed with a dangerous instrument and causing only physical injury would not fall within the definition of any offense set out in the assault statutes.[2]
Thus, the fact that Brown caused Virginia Cantrell’s injuries using a dangerous instrument does not necessarily preclude his offense from falling within the definition of assault in the third degree under § 13A-6-22(a)(2), and whether Virginia suffered “serious physical injury” or “physical injury” determines whether the jury should have been instructed on assault in the third degree, as defined at § 13A-6-22(a)(2), as a lesser included offense of assault in the second degree, as defined at § 13A-6-21(a)(3).
“Serious physical injury” is defined at § 13A-l-2(9), Ala.Code 1975, as “[pjhysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.” “Physical injury” is defined at § 13A-l-2(8), Ala.Code 1975, as “[ijmpairment of physical condition or substantial pain.”
“An individual accused of the greater offense has a right to have the court charge on the lesser offenses included in the indictment, when there is a reasonable theory from the evidence supporting his position. A court may properly refuse to charge on lesser included offenses only (1) when it is clear to the judicial mind that there is no evidence tending to bring the offense within the definition of the lesser offense, or (2) when the requested charge would have a tendency to mislead or confuse the jury. In fact, our decisions are to the effect that every accused is entitled to have charges given which would not be misleading, which correctly state the law of his case, and which are supported by any evidence, however weak, insufficient, or doubtful in credibility.”
Chavers v. State, 361 So.2d 1106, 1107 (Ala.1978) (citations omitted). See § 13A-1-9, Ala.Code 1975.
In the present case, depending on the weight the jury afforded the evidence and its determination of the credibility of the witnesses, see Reed, 717 So.2d at 866, the jury could reasonably have concluded that the injuries sustained by Virginia Cantrell were not “serious physical injuries,” as defined at § 13A-l-2(9), but instead were “physical injuries,” as defined at § 13A-1-2(8). We do not hold that a broken arm is not a “serious physical injury” per se, but rather that, under the facts of this case, the jury should have been given the opportunity to decide that question. Accordingly, the trial court committed reversible error in failing to give the requested instruction on the lesser included offense of assault in the third degree, as defined at § 13A-6-22(a)(2).
For the reasons stated, Brown’s conviction for assault in the second degree, as defined at § 13A-6-21(a)(3), is reversed, and his case is remanded to the trial court for proceedings consistent with this opinion.
REVERSED AND REMANDED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. Section 13A-6-21(a)(2), Ala.Code 1975, provides: "A person commits the crime of assault in the second degree if the person ... [w]ith intent to cause physical injury to another person, ... causes physical injury to any person by means of a deadly weapon or a dangerous instrument.” Section 13A-6-22(a)(1), Ala.Code 1975, provides: "A person commits the crime of assault in the third degree if ... [w]ith intent to cause physical injury to another person, he causes physical injury to any person."

. We note that if it were the case that the only difference between the elements of assault in the second degree, as defined at § 13A-6-21(a)(3), and assault in the third degree, as defined at § 13A-6-22(a)(2), was the use of a dangerous instrument, then the holding in Reed would apply to the "reckless assault” statutes just as it applies to the "intentional assault” statutes.