LONG, Presiding Judge,
concurring in part; dissenting in part.
I respectfully dissent from that portion of the majority’s opinion rendering a judgment in favor of Washburn on his conviction for reckless driving. I would find that Washburn’s assertions in his motion for a new trial that the verdict was contrary to the law and to the evidence were insufficient to preserve the issue of the sufficiency of the evidence to sustain his conviction for reckless driving. These grounds are nearly identical to those raised in Reed v. State, 717 So.2d 862, 864 (Ala.Cr.App.1997), in which this court held that the defendant’s motion for a new trial was insufficient to preserve for appellate review the issue of the sufficiency of the evidence to sustain his convictions for assault in the first and second degrees. Moreover, I would also find that Washburn failed to preserve his claim that the Town of Blountsville failed to establish a reasonable suspicion for the initial stop. Wash-burn first raised this issue in his motion for a new trial. This was too late. See Draper v. State, 641 So.2d 1283 (Ala.Cr.App.1993).
I do, however, find that Washburn’s motion for a new trial contained assertions sufficient to preserve his claim that the evidence was insufficient to sustain his conviction for driving under the influence of alcohol. Moreover, I agree with the majority’s conclusion that the town’s evidence was insufficient to sustain this conviction.