CASANUEVA, Judge.
The State of Florida appeals a suppression order in which the trial court determined that Georgette A. Washington had standing to challenge the search of a home pursuant to a search warrant and that the search warrant was executed in violation of Florida’s knock and announce statute, section 933.09, Florida Statutes (2001). Because we conclude that Ms. Washington lacked standing to object to the search, we do not reach the issue of whether the search warrant was executed in compliance *98 with section 933.09. We do note, however, that there is record evidence to support the trial court’s conclusion that the statute’s requirements were not met.
At the hearing on Ms. Washington’s motion to suppress, Tampa Police Officer Eric Houston testified that when the officers entered the residence they found in plain view in the living room area ten baggies of marijuana on the floor next to Ms. Washington. They arrested her for possession of contraband with intent to distribute. Ms. Washington was not a resident of the home and provided the officer a different home address. She told the arresting officer that she was a guest of the owner, had been there for several hours, planned on staying several more because a party was in progress, but had no intention of staying overnight. There was no evidence that any of her personal belongings were kept at this residence.
Although the issue here is generally framed as one of “standing,” the Supreme Court in Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978), refused to employ only the traditional concept of standing when analyzing Fourth Amendment rights; instead, it stated that “the definition of those rights is more properly placed within the purview of substantive Fourth Amendment law than within that of standing.” Id. at 140, 99 S.Ct. 421. To successfully claim the protection afforded by the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched and that this expectation is reasonable. Id. at 143, 99 S.Ct. 421. The expectation of privacy must originate from “a source outside the Fourth Amendment, either by reference to concepts of real or personal property law or to understandings that are recognized and permitted by society.” Id. at 143 n. 12, 99 S.Ct. 421. The capacity to claim constitutional protection depends upon the person and not merely upon a property right in the invaded place. Id. at 143, 99 S.Ct. 421 (citing Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967)).
With this as our analytical guide, Ms. Washington’s rights will be determined by her status as a guest at “the invaded place,” among other factors, and whether that status affords her a legitimate expectation of privacy that arises from real property concepts or from concepts that society otherwise recognizes as legitimate. We must look to the totality of circumstances to determine if her expectation of privacy is reasonable. State v. Suco, 521 So.2d 1100 (Fla.1988); Dean v. State, 478 So.2d 38 (Fla.1985) (adopting the single-treatment analysis of Rakas and holding that in determining whether a defendant is entitled to contest the legality of a search and seizure, the court must take into consideration the substantive Fourth Amendment issues as well as the concept of standing). Two other decisions of the United States Supreme Court that discuss the status of guests will aid in determining whether her claim to constitutional protection is valid.
First, in Minnesota v. Olson, 495 U.S. 91, 110 S.Ct. 1684, 109 L.Ed.2d 85 (1990), the Court held that an overnight guest possessed a legitimate expectation of privacy and was thus entitled to the protection of the Fourth Amendment. The Court reasoned that staying overnight is a longstanding social custom in our nation, one “that serves functions recognized as valuable by society.” Id. at 98, 110 S.Ct. 1684. “From the overnight guest’s perspective, he seeks shelter in another’s home precisely because it provides him with privacy, a place where he and his possessions will not be disturbed by anyone but his host and those his host allows inside.” Id. at 99, 110 S.Ct. 1684. Here, *99 Ms. Washington was a guest but not an overnight one. Therefore, Olson does not confer upon her sufficient authority to challenge the search.
The second case is Minnesota v. Carter, 525 U.S. 83, 119 S.Ct. 469, 142 L.Ed.2d 373 (1998). The defendant, a guest in another’s apartment, was observed bagging cocaine there. He sought to suppress the cocaine, arguing that it was seized improperly. The Court reiterated “that in order to claim the protection of • the Fourth Amendment, a defendant must demonstrate that he personally has an expectation of privacy in the place searched, and that his expectation is reasonable.” Id. at 88, 119 S.Ct. 469. Based on Rakas and Olson, the Supreme Court reversed the suppression order, finding that the case fell between the situation of the overnight guest in Olson, who enjoyed the protection of the Fourth Amendment, and of one merely legitimately on the premises, who did not. Because the defendant in Carter was engaged in a purely commercial activity in the apartment, had been there a relatively short period of time, and lacked any previous connection with the lessee, the Court concluded that his situation was closer to that of a person who is simply permitted on the premises. The defendant, therefore, had no legitimate expectation of privacy in the apartment; and the Court denied him the protection of the Fourth Amendment because he lacked standing to claim it. Carter, 525 U.S. at 91, 119 S.Ct. 469.
Like the defendant in Carter, Ms. Washington shares the similar status of an invited guest. But unlike the defendant in Carter, Ms. Washington was a social guest, not one engaged in a business endeavor. Thus, the holding of Carter does not fully resolve the issue presented, but the opinion does provide further guidance in its discussion of Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960).
The Carter Court noted that in Jones the’defendant was afforded the protections of the Fourth Amendment because the evidence showed that he had been given the use of a friend’s apartment, kept clothing there, had slept there at least once before, and at the time of the search was the sole occupant of the apartment. Carter, 525 U.S. at 89, 119 S.Ct. 469. The Carter Court, while observing that the holding of Jones was still valid and distinguishing its facts from Carter’s circumstances, concluded that a defendant who is merely present with the consent of the owner or lessee cannot claim the protection of the Fourth Amendment. Carter, 525 U.S. at 90, 119 S.Ct. 469.
These cases also undergird the holding of Hicks v. State, 852 So.2d 954 (Fla. 5th DCA 2003), which is most similar, factually, to Ms. Washington’s situation. In Hicks, the court found that the defendant had no standing to challenge the seizure of items from a room in a house where he was a short-term, nonovernight invitee, in spite of the fact that the seized items were on top of his backpack. Id. at 959. - The defendant did, however, have standing to contest the seizure of items contained within his closed backpack, id. at 960, because he possessed a reasonable expectation of privacy there. See also United States v. Lockett, 919 F.2d 585 (9th Cir. 1990) (denying standing to the defendant who was engaged in a joint criminal venture at the residence, but who was neither a resident of the premises nor a holder of a proprietary interest in the residence, and who showed no control or supervision over the residence that could support a legitimate expectation of privacy); People v. Cowan, 31 Cal.App.4th 795, 37 Cal.Rptr.2d 469 (1994) (denying standing to an occasional visitor who had no control over the *100 premises); People v. Koury, 214 Cal.App.3d 676, 262 Cal.Rptr. 870 (1989) (holding that a defendant has a reasonable expectation of privacy in his closed and locked luggage but not in the residence itself where he was only a casual visitor); Draper v. State, 641 So.2d 1283 (Ala.App.1993) (holding that a defendant who was an acquaintance of the apartment lessee, and who had asked her if he could come there to shower and cut his hair, had no standing); State v. Anonymous (1984-1), 40 Conn.Supp. 20, 480 A.2d 600 (1984) (holding that a babysitter had standing to object to a search and seizure because as caretaker of the child she had a socially acceptable expectation of privacy and an obligation to protect the child from harm, which obligation encompassed the right of excluding others from the premises).
Based on Jones, Rakas, Olson, Carter, and Hicks, we conclude that Ms. Washington, enjoying only the status of a short-term, nonovernight, casual guest, possessed no legitimate expectation of privacy in the residence where she was arrested. Therefore, because she lacked standing to object to the search of the home and the seizure of the contraband found next to her in plain view on the floor, the trial court erred in granting her motion to suppress.
Reversed and remanded for further proceedings.
DAVIS and VILLANTI, JJ., Concur.