WELCH, Judge.
Jimmie Edward Parker was convicted by a jury of the following crimes: first-degree rape, see § 13A-6-61, Ala.Code 1975; second-degree domestic violence, see § 13A-6-131, Ala.Code 1975; first-degree sodomy, see § 13A-6-63, Ala.Code 1975; first-degree sexual abuse, see § 13A-6-66, Ala.Code 1975; and resisting arrest, see § 13A-10-41, Ala.Code 1975. The trial court sentenced Parker to life in prison on the rape and sodomy convictions, to 20 years’ imprisonment on the domestic-violence and sexual-abuse convictions, and to 6 months’ imprisonment for the resisting-arrest conviction,- all sentences to run consecutively. Parker was also ordered to pay court costs and a crime-vietims-com-pensation-fund charge of $50 in each case.
On appeal, Parker’s appointed counsel filed a “no-merit” brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). However, upon our review of the record, we noticed an issue arguable on its merits that warranted further briefing.[1] In an order issued on November 15, 2012, we granted appellate counsel’s motion to withdraw, appointed new counsel to represent Parker, and requested that the parties file briefs addressing whether, in case no. CC-10-5692, the second-degree-domestic-violence case, the trial court erred when it denied Parker’s request for a jury instruction on third-degree domestic violence.[2]
After considering the arguments presented by the parties, we conclude that the circuit court ■ improperly denied Parker’s request for a jury instruction on the offense of third-degree domestic violence. Thus, his conviction in case no. CC-10-5692, second-degree domestic violence, must be reversed and the case remanded. We affirm the remaining convictions.

FACTS

Because of our disposition of this case, we will address only the facts relevant to our ruling. H.H. is Parker’s stepdaughter, and she had been staying in Parker’s house for over a month. She testified that she was planning to leave the area on September 23, 2010, when her husband was released from jail. H.H. testified that, during the night of September 22 and into the early morning hours of September 23, Parker raped, sodomized, sexually abused, beat, choked, and physically and mentally tortured her for several hours. H.H. finally escaped after Parker passed out in the early morning hours. When police attempted to arrest Parker, he resisted arrest. H.H. testified that early in the ordeal, Parker kicked her in or near the left eye with his steel-toed boot. An injury to H.H.’s eye was readily apparent in photographs entered into evidence. H.H. testified that because of the injury, the upper-left part of her face and head remained numb a year and a half later.
*866 The indictment alleged that many of the injuries inflicted on H.H. were inflicted “by means of a deadly weapon or dangerous instrument, to-wit: a baseball bat and/or edged weapon, and/or steel toed boots.” (C. 119.) H.H. testified to Parker’s use of -all these weapons at various times during his torturing of H.H.
Parker testified in his own defense. He stated that he did not kick H.H. at any time. He testified that H.H. was an alcoholic who attacked him in a rage with a knife while he was cooking supper. He said he hit H.H. twice in the face and then helped her to the couch. Parker claimed the blows from his fists injured H.H.’s eye, face, and head.
After the trial court instructed the jury, defense counsel requested that the court give an instruction on third-degree domestic violence as a lesser-included offense of second-degree domestic violence. The trial court denied the request.

ANALYSIS

Parker’s request for a jury instruction on the lesser-included offense of third-degree domestic violence should have been granted because his testimony presented sufficient evidence for the jurors to have reasonably found him guilty of the lesser offense.
An indictment, for legal purposes, puts a defendant on notice that he may be convicted of any lesser offenses included within the charged offense, and third-degree domestic violence is a lesser-included offense of second-degree domestic violence, as third-degree assault is a lesser-included offense of second-degree assault. Wyatt v. State, 419 So.2d 277, 280-81 (Ala.Crim.App.1982). Alabama law states: “The court shall not instruct the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.” § 13A-l-9(b), Ala.Code 1975. By his testimony, Parker introduced the reasonable possibility that H.H.’s head injury could have been caused by his punches, a method that did not include the use of a weapon, as charged in the indictment. The Alabama Supreme Court in Ex parte Cobb, 703 So.2d 871, 875-76 (Ala.1996), held that fists are not a “deadly weapon” under the statute defining such weapons, § 13A-1-2(12), Ala.Code 1975. In such a situation a jury instruction on the lesser-included offense is required, even where the evidence for it is “ ‘ “weak, insufficient, or doubtful in credibility. [Citation omitted.]” ’ Quoting Ex parte Chavers, 361 So.2d 1106 (Ala.1978).” Wilkerson v. State, 486 So.2d 509, 514 (Ala.Crim.App.1986) (quoting Ex parte Stork, 475 So.2d 623, 625 (Ala.1985)). See Brown v. State, 737 So.2d 487, 491 (Ala.Crim.App.1999).
In the instant case, the trial court abused its discretion when it refused Parker’s request to instruct the jury on third-degree domestic violence even though there was a rational basis for a verdict convicting him of the lesser-included offense. Parker was deprived of the chance the jury might find him guilty of the lesser misdemeanor, rather than the felony. Therefore, the conviction for second-degree domestic violence is reversed and the cause is remanded to the trial court for proceedings consistent with this opinion. We affirm the other convictions.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

. On August 21, 2012, we issued an order allowing Parker to submit any additional issues or points to be considered on appeal. Parker responded on September 26, 2012, and argued several points. However, all but one of these points are either without merit or were not preserved. The issue for our consideration is whether the trial court erred in denying Parker’s request for a jury instruction on the lesser-included offense of third-degree domestic violence.

. New counsel argued five issues in brief on appeal. However, we requested that only one issue be addressed; that is all this Court addresses here.