On Return to Remand

JOINER, Judge.
On April 29, 2011, this Court affirmed Anthony Lee (“Tony”) Stanley’s conviction *317 for the intentional murder of Henry Smith, made capital pursuant to § 13A-5-40(a)(2), Ala.Code 1975, because it was committed during the course of a first-degree robbery. Stanley v. State, 143 So.3d 230, 245 (Ala.Crim.App.2011). This Court, however, remanded this case for the trial court “to amend its sentencing order to clarify its findings regarding the judicial override of the jury’s recommendation of life imprisonment without parole,” and to “reweigh the aggravating circumstances and the mitigating circumstances and resentence Stanley.” Stanley, 143 So.3d at 316. The trial court, on return to remand, has complied with our instruction and has submitted an amended sentencing order in which it has again sentenced Stanley to death.
In its original sentencing order and again in its amended sentencing order, the trial court found that the State sufficiently proved the existence of three aggravating circumstances: that Stanley had been previously convicted of a felony involving the use or threat of violence to the person; that Stanley committed the capital offense of intentional murder while he was an accomplice in the commission of, or an attempt to commit, or flight after committing or attempting to commit a first-degree robbery; and that Stanley committed a capital offense that was especially heinous, atrocious, or cruel compared to other capital offenses. See §§ 13A-5-47(d); 13A-5-49(2), (4), and (8); 13A-5-50, Ala.Code 1975; and Stanley, 143 So.3d at 309.
As to the statutory mitigating circumstances, the trial court in its original sentencing order considered and made findings regarding statutory mitigating circumstances and found none to exist. See §§ 13A-5-47(d) and 13A-5-51, Ala. Code 1975; Stanley, 143 So.3d at 314. The trial court reiterated in its amended sentencing order that it found no statutory mitigating circumstances.
As to the trial court’s findings concerning the nonstatutory mitigating circumstances, in its second amended sentencing order the trial court states that Stanley presented evidence regarding his family history and his alcohol and drug abuse. Stanley presented the testimony of a mitigation specialist, of his parents and his older sister concerning their remorse about the difficulties of his childhood, of the effects of drug and alcohol use, and of the improvement in Stanley’s behavior since his incarceration. The trial court, however, stated that, although Stanley presented evidence of his family history and his alcohol and drug use and abuse in mitigation, it did not find and consider this to be nonstatutory mitigating evidence. See §§ 13A-5-47(d) and 13A-15-52, Ala. Code 1975.
“ ‘It is not required that the evidence submitted by the accused as a non-statutory mitigating circumstance be weighed as a mitigating circumstance by the sentencer, in this case, the trial court; although consideration of all mitigating circumstances is required, the decision of whether a particular mitigating circumstance is proven and the weight to be given it rests with the sentencer. Cochran v. State, 500 So.2d 1161 (Ala.Crim.App.1984), affd in pertinent part, remanded on other part, 500 So.2d 1179 (Ala.1985), affd on return to remand, 500 So.2d 1188 (Ala.Cr.App.), affd 500 So.2d 1064 (Ala.1986), cert, denied, 481 U.S. 1033, 107 S.Ct. 1965, 95 L.Ed.2d 537 (1987).’
“Haney v. State, 603 So.2d 368, 389 (Ala.Crim.App.1991), affd, 603 So.2d 412 (Ala.1992). See also Lewis v. State, 24 So.3d 480, 531, (Ala.Crim.App.2006); Yeomans v. State, 898 So.2d 878, 904 905 (Ala.Crim.App.2004).” *318 Spencer v. State, 58 So.3d 215, 255 (Ala.Crim.App.2008) (opinion on return to second remand).
Before reweighing the aggravating and mitigating circumstances in his amended sentencing order on remand, the trial judge clearly stated that he had determined that the testimony of Stanley’s family history did not constitute mitigating evidence. Thus, the trial court clearly considered the evidence presented by Stanley when determining that no non-statutory mitigating circumstances existed, other than the jury’s advisory verdict of life imprisonment without the possibility of parole.
The trial court, in its amended sentencing order, considered and found that the jury’s recommendation of a sentence of life imprisonment without the possibility of parole was a nonstatutory mitigating circumstance and assigned the jury’s advisory verdict significant weight. See § 13A-5-47(e), Ala.Code 1975; § 13A-15-52, Ala. Code 1975; Ex parte Carroll, 852 So.2d 833, 836 (Ala.2002). The trial court then stated its reasons for giving the jury’s recommendation the consideration it gave it, noting specifically that the jury’s vote was 8 to 4.
Thereafter, the trial court reweighed the aggravating circumstances and the mitigating circumstances and again sentenced Stanley to death, stating:
“This Court, accordingly, has reviewed testimony given during the Guilt, Penalty and Sentencing Phases of this Trial; Alabama law pertaining to sentencing; the aggravating and mitigating circumstances outlined in the Court’s original Sentencing Order and in this Order.
“In addition, the Court would state that at the time the Jury took this case under advisement they had just heard emotional testimony, during the Penalty Phase, from [Stanley’s] family, including his parents and older sister. This familial testimony included remorse over [Stanley’s] childhood, the social affects drug and alcohol usage had on [Stanley]; how caring [Stanley] was and had become; improvement in [Stanley’s] behavior since incarcerated and in general, how hard this has been on their family.
“The Jury had also heard testimony from mitigation specialist, Dr. J. Davis Martin, who likewise testified as to [Stanley’s] troubled youth, and that, ‘if he ([Stanley]) is sentenced to death that their ([Stanley’s] parents) health would deteriorate very traumatically and quickly ... so not only would [Stanley] be put to death, the whole family unit would essentially break apart.’
“It was indeed, gut wrenching testimony, and the Court can fully understand a Jury feeling compassion for the Stanley family.
“Nevertheless, the Court finds that the three (3) aggravating circumstances it has found to exist far outweigh the non-statutory mitigating circumstance even though it exists in the form of a Jury Verdict.
“Further, the Court finds that many people live in far worse family circumstances than what [Stanley] experienced; that many people have suffered from the ravages of drug and alcohol abuse such as [Stanley]; that many people have grown up in socially economically impoverished conditions such as [Stanley]; yet, few, indeed very few, go on to commit a capital murder crime of the nature [Stanley] committed.
“Further, the Court finds no credible evidence that any of these factors influenced the commission of the crime [Stanley] committed.
*319 “The Court cannot fathom the horror and terror the victim experienced from the brutality [Stanley] perpetrated on him. As this Court stated in Its original Sentencing Order, to-wit;
“ ‘By any standard acceptable to civilized society, this crime was extremely gruesome and barbaric. It was perpetrated with a heartless infliction of brutality and with utter indifference to the suffering of the victim and with a total disregard of human life. The Court recognizes that all capital offenses are heinous, atrocious and cruel to some extent, but the degree of heinousness, atrociousness and cruelty which characterizes this offense exceeds that which is common to all capital offenses.’
“It is difficult for this court to imagine any case more deserving of the death penalty. The senseless barbaric and an-imalistic nature of this crime provides a major reason this Court believes a jury override not only is justified but necessary under the circumstances and for justice to prevail.
“This Court does not make this decision lightly but with a great deal of thought and deliberation buttressed by a strong sense of behavior any civilized society can withstand.
“Therefore, after consideration of all the matters that were presented to this Court, the testimony heard at Trial and at the Sentencing Hearing before this Court, both in aggravation and mitigation and after the analysis of the aggravating and mitigating circumstances set out in the Court’s original Sentencing Order and this Amended Sentencing Order and for the reasons stated in this Order, the Court does now find that the aggravating circumstances outweigh the mitigating circumstances, and the Court does hereby override the Jury’s recommendation of Life Without Parole and does affix the [Stanley’s] punishment at Death by Lethal Injection.
“It is therefore the Judgment of the Court that the [Stanley] shall be sentenced to Death.”
(RTR, C. 217-18.)
The trial court’s findings in its amended sentencing order concerning the nonstatutory mitigating circumstances, including the jury’s advisory verdict, were appropriately considered, and the trial court fully established its reasons for overriding the advisory verdict.
“ ‘[T]he weight to attach to [a] known mitigating circumstance is within the discretion of the trial court. See Bush v. State, 695 So.2d 70 (Ala.Crim.App.1995), affd 695 So.2d 138 (Ala.), cert, denied, 522 U.S. 969, 118 S.Ct. 418, 139 L.Ed.2d 320 (1997).’ Hodges v. State, 856 So.2d 875, 893 (Ala.Crim.App.2001), affd 856 So.2d 936 (Ala.2003).
“ ‘The circuit court must consider evidence offered in mitigation, but it is not obliged to find that the evidence constitutes a mitigating circumstance. As the Alabama Supreme Court has stated:
“ ‘ “See Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978); Ex parte Hart, 612 So.2d 536, 542 (Ala.1992) (‘Lockett does not require that all evidence offered as mitigating evidence be found to be mitigating.’), cert, denied, 508 U.S. 953, 113 S.Ct. 2450, 124 L.Ed.2d 666 (1993); and Ex parte Slaton, 680 So.2d 909, 924 (1996) (‘ “While Lockett and its progeny require consideration of all evidence submitted as mitigation, whether the evidence is actually found to be mitigating is in the discretion of the sentencing authority.” ’) (quoting *320 Bankhead v. State, 585 So.2d 97, 108 (Ala.Crim.App.1989)).”
“ ‘Ex parte Ferguson, 814 So.2d 970, 976 (Ala.2001).’
“Calhoun v. State, 932 So.2d 923, 975 (Ala.Crim.App.2005), cert, denied, 548 U.S. 926, 126 S.Ct. 2984, 165 L.Ed.2d 990 (2006).”
Spencer, 58 So.3d at 257.
The trial court stated in its amended sentencing order that it “adopts all portions of its original Order of Court on Imposition of Sentence in this cause dated June 19, 2007, as if fully set out herein, unless amended in this Order.” (RTR, C. 219.)
In accordance with § 13A-5-53, Ala. Code 1975, we must address the propriety of Stanley’s death sentence. Stanley was convicted of murdering Henry Smith, an offense defined as capital by § 13A-5-40(a)(2), Ala.Code 1975. The record reflects that Stanley’s sentence was not imposed under the influence of passion, prejudice, or any other arbitrary factor. See § 13A-5-53(b)(l), Ala. Code 1975.
The trial court found that the aggravating circumstances outweighed the one mitigating circumstance — the jury’s advisory verdict. We held in our original opinion of April 29, 2011, that the trial court’s findings as to the statutory aggravating circumstances and statutory mitigating circumstances were proper. Having now reviewed the amended sentencing order, we hold that the trial court’s findings as to the nonstatutory mitigating circumstances are also proper and supported by the record. The trial court acted within its discretion in overriding the jury’s advisory verdict of life imprisonment without the possibility of parole and affording it substantial weight in its weighing process.
Section 13A-5-53(b)(2), Ala.Code 1975, requires this Court to weigh the aggravating circumstances and the mitigating circumstances independently to determine the propriety of Stanley’s sentence of death. Section 13A-5-48, Ala.Code 1975, provides:
“The process described in Sections 13A-5-46(e)(2), 13A-5-46(e)(3) and Section 13A-5-47(e) of weighing the aggravating and mitigating circumstances to determine the sentence shall not be defined to mean a mere tallying of aggravating and mitigating circumstances for the purpose of numerical comparison. Instead, it shall be defined to mean a process by which circumstances relevant to sentence are marshalled and considered in an organized fashion for the purpose of determining whether the proper sentence in view of all the relevant circumstances in an individual case is life imprisonment without parole or death.”
“The determination of whether the aggravating circumstances outweigh the mitigating circumstances is not a numerical one, but instead involves the gravity of the aggravation as compared to the mitigation.” Ex parte Clisby, 456 So.2d 105, 108-09 (Ala.1984). “[W]hile the existence of an aggravating or mitigating circumstance is a fact susceptible to proof, the relative weight of each is not; the process of weighing, unlike facts, is not susceptible to proof by either party.” Lawhom v. State, 581 So.2d 1159, 1171 (Ala.Crim.App.1990). Clearly, the trial court gave the mitigating circumstance little weight in light of the heinous aggravating circumstances present in this case. “The weight to be attached to the aggravating and the mitigating evidence is strictly within the discretion of the sentencing authority.” Smith v. State, 908 So.2d 273, 298 (Ala.Crim.App.2000). We agree with *321 the trial court’s findings. An independent weighing of the aggravating circumstances and the mitigating circumstance indicates that death is the proper sentence.
As required by § 13A-5-5S(b)(3), Ala. Code 1975, this Court must determine whether Stanley’s sentence was disproportionate or excessive when compared to penalties imposed in similar cases. The sentence of death in this case is neither excessive nor disproportionate to the penalties imposed in similar cases, considering the crime and Stanley. See, e.g., Revis v. State, 101 So.3d 247 (Ala.Crim.App.2011); McMillan v. State, 139 So.3d 184 (Ala.Crim.App.2010); Yancey v. State, 65 So.3d 452 (Ala.Crim.App.2009) (opinion on return to remand); Floyd v. State, [Ms. CR-05-0935, Sep. 28, 2007] — So.3d-(Ala.Crim.App.2007) (opinion on return to remand); Gamble v. State, 791 So.2d 409 (Ala.Crim.App.2000); Gaddy v. State, 698 So.2d 1100 (Ala.Crim.App.1995) (all murder committed during the course of a robbery).
Lastly, this Court previously pretermit-ted a plain-error review of Stanley’s sentencing proceeding, pending the trial court’s return to our remand order. Because the trial court has complied with this Court’s direction on remand as to the sentencing order, we have now reviewed Stanley’s sentencing proceedings pursuant to Rule 45A, Ala. R.App. P. As that rule requires, we have searched the entire proceedings for any plain error or defect that has or probably has adversely affected any of Stanley’s substantial rights. We conclude that there is no plain error in the sentencing that adversely affected Stanley’s rights.
Accordingly, for the foregoing reasons, Stanley’s sentence of death is due to be, and is hereby, affirmed.
AFFIRMED AS TO SENTENCING.
WELCH, P.J., and WINDOM, KELLUM, and BURKE, JJ., concur.