The City of Piedmont brought this declaratory action against Joseph D. Hubbard, in his official capacity as district attorney for the Seventh Judicial Circuit of Alabama, seeking a ruling on the constitutionality of Piedmont City Ordinance No. 413, which allows certain nonprofit organizations to operate "instant bingo" games as fundraisers. Following a hearing, the trial court entered an order declaring that instant bingo was an illegal lottery and that Piedmont City Ordinance No. 413 was unconstitutional. The City appealed. *Page 436 
In its declaratory judgment order, the trial court stated, in pertinent part:
 "This matter comes before the Court upon the Petition for Declaratory Judgment filed by the Plaintiff, city of Piedmont, and the answer filed by the Defendant, Joseph D. Hubbard, in his official capacity as District Attorney for Calhoun County, Alabama. Defendant, Jimmy Evans, in his official capacity as Attorney General for the State of Alabama, filed an acceptance and waiver in this cause. A trial was held on the 21st day of July 1993, at which time the parties submitted testimony and evidence, as well as a Stipulation of Facts for the Court's consideration in this case. The parties were further allowed to submit written briefs and arguments for the Court's consideration. Upon consideration of all matters submitted, this Court finds and concludes the following:
 "Article IV, § 65, of the Constitution of Alabama of 1901, prohibits lotteries or gift enterprises in this State, providing as follows:
 " 'The Legislature shall have no power to authorize lotteries or gift enterprises for any purposes, and shall pass laws to prohibit the sale in this state of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery; and all acts, or parts of acts heretofore passed by the legislature of this state, authorizing a lottery or lotteries, and all acts amendatory thereof, or supplemental thereto, are hereby avoided.'
 "The elements of a lottery violative of § 65 of the Constitution of Alabama are a prize, awarded by chance, and for consideration. Pepsi Cola Bottling Co. of Luverne, Inc. v. Coca-Cola Bottling Co., Andalusia, 534 So.2d 295 (Ala. 1988).
 "The parties have stipulated, and the Court finds, that 'bingo' is a lottery. In 1989, the Alabama Legislature proposed Amendment No. 508 to the Constitution of Alabama, providing for the operation of 'bingo' games in Calhoun County, Alabama, for prizes or money by certain nonprofit organizations for charitable, educational or other lawful purposes. Said proposed Amendment was submitted at an election held on September 14, 1989, and was proclaimed ratified June 22, 1990, thereby legalizing the lottery of 'bingo' in Calhoun County, Alabama.
 "Amendment No. 508 to the Constitution of Alabama did not repeal Article IV, § 65, of the Constitution of Alabama. Amendment No. 508 simply amended the Constitution of Alabama by allowing the lottery of 'bingo' to be operated legally in Calhoun County for prizes or money by certain nonprofit organizations for charitable, educational, or other lawful purposes. The only lottery legalized by the passage and ratification of Amendment No. 508 was and is the lottery of 'bingo.'
 "Subsequent to the ratification of Amendment No. 508, the City of Piedmont, Alabama (which is located in Calhoun County), adopted Municipal Ordinance No. 413, amending Municipal Ordinance No. 373 by providing for the operation of 'instant bingo,' in addition to bingo, in the City of Piedmont. (Municipal Ordinance No. 373 already provided for the operation of bingo in Piedmont, Alabama.) 'Instant bingo' is defined in Municipal Ordinance No. 413 as:
 " 'A single banded ticket or card each with its face covered to conceal one or more numbers or symbols where one or more cards or tickets in each set has been designated in advance as a winner. Participants at a designated time of play are required to remove the front cover of the Bingo card to determine if that card holder has the required designated numbers or symbols to be declared a winner.'
 "The testimony and evidence in this case reveals that a person holding a winning 'instant bingo' ticket or card is awarded a prize and that said prize is awarded purely by chance. In order to receive an 'instant bingo' ticket or card, a person would have to pay consideration for the same. 'Instant bingo' is therefore a lottery.
 " 'Instant bingo' does not constitute 'bingo' as allowed by Amendment No. 508 of the Constitution of Alabama. 'Instant bingo' is a separate and distinct type of lottery from the lottery of 'bingo.' It does *Page 437 
not even fall within the definition of bingo found in Municipal Ordinance No. 413, which defines bingo as:
 " 'That specific kind of game, or enterprise, commonly known as 'bingo,' in which prizes are awarded on the basis of designated numbers, or symbols, which are drawn, at random, by the operator of said game and which are placed by the persons playing, or participating in said game, on cards, or sheets of paper, which contain, or set out, numbered spaces, upon which said designated numbers or symbols, may be placed by the persons playing or participating in said game.'
 "Since the only lottery authorized to be operated in Calhoun County by Amendment No. 508 is the lottery of bingo, 'instant bingo' constitutes an illegal lottery under the Constitution of Alabama and Piedmont Municipal Ordinance No. 413 is therefore unconstitutional.
 "It is therefore ORDERED, ADJUDGED AND DECREED
that the game or enterprise defined in Piedmont Municipal Ordinance No. 413 as 'instant bingo' constitutes an illegal lottery and Piedmont Municipal Ordinance No. 413 is hereby declared unconstitutional."
We agree with the trial court's declaratory judgment order and hereby adopt that portion of it quoted above as part of the opinion of this Court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.