SHAW, Justice
(concurring in the result in case no. 1141044).
I concur in the result. I write specially to note the following.
Electronic bingo is not “bingo”, under Alabama law. Houston Cty. Econ. Dev. Auth. v. State, 168 So.3d 4 (Ala.2014); Barber v. Cornerstone Cmty. Outreach, Inc., 42 So.3d 65 (Ala.2009). Wagering in electronic bingo is thus an illegal form of gambling.[20] Specifically, art. IV, § 65, of the Alabama Constitution of 1901, prohibits what it describes as “lotteries or gift enterprises”:
“The legislature shall have no power to authorize lotteries or gift enterprises for any purposes, and shall pass laws to prohibit the sale in this state of lottery or gift enterprise tickets, or tickets in any scheme in the nature of a lottery; and all acts, or parts of acts heretofore passed by the legislature of this state, authorizing a lottery or lotteries, and all acts amendatory thereof, or supplemental thereto, are hereby avoided.”
“Bingo” is a lottery under art. I, § 65,[21] and thus gambling in that form cannot be *847 made legal by the legislature.. However, various local constitutional amendments can create an exception to this rule by authorizing bingo gambling. Cornerstone, 42 So.3d at 78-79.
This Court, in Cornerstone, provided a list of characteristics of the game commonly or traditionally known as “bingo”:
“The characteristics of that game. include the following:
“1. Each player uses one or more cards with spaces arranged in five columns and five rows, with an alphanumeric or similar designation assigned to each space.
“2. Alphanumeric or similar designations are randomly drawn and announced one by one.
“3. In order to play, each, player must pay attention to the vglues announced; if one of the values matches a value on one or more of the player’s cards, the player must physically act by marking his or her card accordingly.
“4. A player can fail to pay proper attention or to properly mark his or her card, and thereby .miss an opportunity to be declared a winner.
“5. A player must recognize that his or her card has a ‘bingo,’ i.e., a predetermined pattern of matching values, and in turn announce to the other players and the announcer that this is the case before any other player does so.
“6. The game of bingo contemplates a group activity in which multiple players compete against each other to be the first to properly mark a card with the predetermined winning pattern and announce that fact,”
42 So.3d at 86.[22]
In the context of gambling, this Court looks to the actual substance of the challenged activity and not its appearance. Barber v. Jefferson Cty. Racing Ass’n, Inc., 960 So.2d 599, 611 (Ala.2006). Games purporting to constitute legal bingo, including electronic bingo, merely by using the word “bingo,” by attempting to incorporate parts of the game of bingo, or by otherwise attempting to resemble that game have previously been invalidated. See Houston Cty. Econ. Dev. Auth., 168 So.3d at 18 (holding that certain electronic-gaming devices and gaming tables did not constitute legal “bingo”); City of Piedmont v. Evans, 642 So.2d 435 (Ala.1994) (holding that a game described as “instant bingo” did not constitute “bingo” but rather constituted an illegal lottery; thus, an ordinance authorizing the “instant bingo” game was held unconstitutional); Barrett v. State, 705 So.2d 529, 532 (Ala.Crim.App.1996) (holding that a constitutional amendment allowing “bingo games” created only a narrow exception to art. IV, § 65, and did not allow a game involving players attempting to choose numbers to match numbers later called by an announcer, which, this Court said, was “clearly not the game ‘commonly known as bingo’ ”); and Foster v. State, 705 So.2d 534 (Ala.Crim.App.1997) (same). See also Cornerstone, 42 So.3d at 86-87 (defining “bingo” and holding that game played with certain electronic-gaming machines did not appear to meet that definition); and Surles v. City of Ashville, 68 So.3d 89, 94 n. 2. (Ala.2011) (Shaw, J,, dissenting) (noting that in the prior withdrawn opinion in that case this Court had held that “electronic bingo gam *848 ing” was not “bingo” because “ ‘player participation and interaction [that] will actually be performed by a machine ... is not the game of bingo_’ ”).
The argument in this case is that the term “bingo” in Amendment No. 744 provides for a different game than that described in Cornerstone and the subsequent cases applying that description. This alternate definition, it is contended, would include electronic bingo. Specifically, KC Economic Development, LLC, maintains that it was the subjective belief of certain legislators proposing the amendment and of voters who approved it that the term “bingo” included electronic bingo and that such subjective belief controls the meaning of that term. As to this issue, I agree with the following portion of the State’s argument in its brief:
“When interpreting a law, the court cannot rely on the words of the legislator or a group of voters in derogation of the law’s plain text ...:
“ ‘The intention of the Legislature, to which effect must be given, is that expressed in the statute, and the courts will not inquire into the motives which influenced the Legislature or individual members in voting for its passage, nor indeed as to the intention of the draftsman or of the Legislature so far as it has not been expressed in the act. So in ascertaining the meaning of a statute the court will not be governed or influenced by the views or opinions of any or all of the members of the Legislature, or its legislative committees or any other person.’
“James v. Todd, 267 Ala. 495, 103 So.2d 19, 28 (1957). The views of a single legislator are irrelevant.6 Similarly, testimony from a few voters cannot be determinative of the intent of all voters in a jurisdiction. See Most Worshipful Gñ"and Lodge of Ancient Free & Accepted Masons of Kansas v. Bd. of Cnty. Comm’rs of Cnty. of Shawnee, 259 Kan. 510, 912 P.2d 708, 714 (1996) (finding that a small group of ‘affidavits are not a representative sample of Kansas voters and have little value as evidence of voters’ intent’).
“Regardless of what the voters or legislators meant to say or wanted to say, Amendment [No.] 744 says nothing about electronic bingo. There is no textual hook for imposing an interpretation of ‘bingo’ in Amendment [No.] 744 that is different from the definition of the same word when used in other local bingo amendments. ‘[T]o seek the intent of the provision’s drafters or to attempt to aggregate the intentions of [the] voters into some abstract general purpose underlying the Amendment, contrary to the intent expressed by the provision’s clear textual meaning, is not the proper way to perform constitutional interpretation.’ Thomas v. Nevada Yellow Cab Corp., 327 P.3d 518, 522 (Nev. 2014). The words of a law must speak for themselves.
“6See Ex parte Ankrom, 152 So.3d 397, 414 n. 8 (Ala.2013)(‘This Court will not rely solely on the views of a single legislator in ascertaining the intent of a bill, even when that legislator was a sponsor of the bill.’); Utility Ctr., Inc. v. City of Ft. Wayne, 868 N.E.2d 453, 459 (Ind.2007) (‘In interpreting statutes, we do not impute the opinions of one legislator, even a bill’s sponsor, to the entire legislature unless those views find statutory expression.’); Doe v. Bridgeport Police Dep’t, 198 F.R.D. 325, 348 n. 16 (D.Conn.2001) (‘Post-enactment views of those involved with the legislation should not be considered when interpreting the statute,’); Davis v. City of Leawood, 257 Kan. 512, 893 P.2d 233, *849 244 (1995) (concluding that ‘post-enactment statements of individual legislators’ are not ‘reliable indicators of the legislative intent’); In re F.D. Processing, Inc., 119 Wash.2d 452, 832 P.2d 1303, 1308 (1992) (‘[T]he comments of a single legislator are generally considered inadequate to establish legislative intent.’).”
State’s brief, at 35-37.
The word “bingo” in Amendment No. 744 should be given its plain and ordinary meaning as described in Cornerstone and reiterated and affirmed in numerous subsequent decisions by this Court. That definition does not encompass electronic bingo.[23]
As to the equal-protection issue in this case, suffice it to say that the record in this case demonstrates no basis in law or fact for the trial court’s ruling.
For the reasons stated above, I agree that the trial court’s decision is- due to be reversed and a judgment rendered.

Appendix

Local Bingo Amendments to the Alabama Constitution
Amendment No. 386 (Jefferson County 1980): “The operation of bingo games for prizes or money by nonprofit organizations for charitable or educational purposes shall be legal in Jefferson county....” Local Amendments, Jefferson County, § 2, Ala. Const.1901 (OffRecomp.).
Amendment No. 387 (Madison County 1980): “The operation of bingo games for prizes or money by nonprofit organizations for charitable or educational purposes shall be legal in Madison county .... ” Local Amendments, Madison County, .§ 1, Ala. Const. 1901 (Off.Recomp.).
Amendment No. 413 (Montgomery County 1982): “The operation of bingo games for prizes or money by certain nonprofit organizations for charitable, educational, or other lawful purposes shall be legal in Montgomery county....” Local Amendments, Montgomery County, § 1, Ala. Const. 1901 (Off.Recomp.).
Amendment No. 440 (Mobile County 1984): “The operation of bingo games for prizes or money by certain nonprofit organizations for charitable, educational, or other lawful purposes shall be legal in Mobile county .... ” Local Amendments, Mobile County, § 1, Ala. Const. 1901 (Off.Re-comp.).
Amendment No. 506 (Etowah County 1990): “The operation of bingo games for prizes or money by certain nonprofit organizations for charitable or educational purposes shall be legal in Etowah county .... ” Local Amendments, Etowah County, § 2, Ala. Const. 1901 (OffRecomp.).
Amendment No. 508 (Calhoun . County 1990): “The operation of bingo games for prizes or money by certain nonprofit organizations for charitable, educational, or other lawful purposes shall be legal in Calhoun county ,... ” Local Amendments, Calhoun County, § 1, Ala. Const. 1901 (Off.Recomp.).
Amendment No. 542 (St. Clair County 1992): “The operation of bingo games for prizes or money by certain nonprofit organizations for charitable, educational, or other lawful purposes shall be legal in St. Clair County .... ” Local Amendments, St. Clair County, § 2, Ala. Const. 1901 (Off.Recomp.).
Amendment No. 549 (Walker County 1993): “The operation of bingo games for prizes or money by certain nonprofit organizations for charitable, educational, or *850 other lawful purposes shall be legal outside of the corporate limits of the City of Jasper in Walker County — ” Local Amendments, Walker County, § 1, Ala. Const. 1901 (Off.Recomp.).
Amendment No. 550 (City of Jasper 1993): “The operation of bingo games for prizes or money by certain nonprofit organizations for charitable, educational, or other lawful purposes shall be legal in the corporate limits of the City of Jasper in Walker County .... ” Local Amendments, Walker County, § 12, Ala. Const. 1901 (OffRe-comp.).
Amendment No. 565 (Covington County 1995): “The operation of bingo games for prizes or money by certain nonprofit organizations and certain private clubs for charitable, educational, or other lawful purposes shall be legal in Covington County .... ” Local Amendments, Covington County, § 1, Ala. Const. 1901 (Off.Re-comp.).
Amendment No. 569 (Houston County 1996): “The operation of bingo games for prizes or money by certain nonprofit organizations and certain private clubs for charitable, educational, or other lawful purposes shall be legal in Houston County _” Local Amendments, Houston County, § 1, Ala. Const. 1901 (Off.Recomp.).
Amendment No. 599 (Morgan County 1996): “The operation of bingo games for prizes or money by nonprofit organizations for charitable, educational, or other lawful purposes shall be legal only within the boundaries of the Cities of Hartselle and Falkville and that area of the City of Decatur located within the boundaries of Morgan County .... ” Local Amendments, Morgan County, § 1, Ala. Const. 1901 (Off.Recomp.).
Amendment No. 612 (Russell County 1996): “The operation of bingo games for prizes or money by certain nonprofit organizations and certain private clubs for charitable, educational,, or other lawful purposes shall be legal in Russell County .... ” Local Amendments, Russell County, § 1, Ala. Const. 1901 (Off.Recomp.),
Amendment No. 674 (Lowndes County 2000): “The operation of bingo games for prizes or money by nonprofit organizations for charitable, educational, or other lawful purposes shall be legal in the Town of White Hall that is located in Lowndes County _” Local Amendments, Lowndes County, § 3, Ala. Const. 1901 (Off.Recomp.).
Amendment No. 692 (Limestone County 2000): “The operation of bingo games for prizes or money by nonprofit organizations for charitable, educational, or other lawful purposes shall be legal in Limestone County .... ” Local Amendments, Limestone County, § 1, Ala. Const. 1901 (OffiRe-comp.).
Amendment No. 743 (Greene County 2004): “Bingo games for prizes or money may be operated by a nonprofit organization in Greene County....” Local Amendments, Greene County, § 1, Ala. Const. 1901 (Off.Recomp.).
Bingo is defined as “[t]hat specific kind qf game commonly known as bingo in which prizes are awarded on the basis of designated numbers or symbols on a card or electronic marking machine conforming to numbers or symbols selected at random,” Local Amendments, Greene County, § 1, Ala. Const. 1901 (Off.Recomp.).
Equipment is defined as “[t]he receptacle and numbered objects drawn from it, the master board upon which such objects are placed as drawn, the cards or sheets bearing numbers or other designations to be covered, and the objects used to cover them or electronic card marking machines, and the board or signs, however operated, used to an *851 nounce or display the numbers or designations as they are drawn.... ” Local Amendments, Greene County, § 1, Ala. Const. 1901 (Off.Recomp.).
Amendment No. 744 (Macon County 2004): “The operation of bingo games for prizes or money by nonprofit, organizations for charitable, educational, or other lawful purposes shall be legal in Macon County.....” Local Amendments, Macon County, § 1, Ala. Const. 1901 (Off.Recomp.).

. See generally Title 13A, chapter 12, art. 2, Ala. Code 1975.

. Cornerstone, 42 So.3d at 78 ("[T]his Court has explicitly stated that ‘ " ‘bingo’ is a lottery” ’ .,..”).

. This description of ''bingo” has been reaffirmed in several subsequent decisions. See, e.g., Houston Cty. Econ. Dev. Auth., 168 So.3d at 10—11; State v. Greenetrack, Inc., 154 So.3d 940, 959-60 (Ala.2014); and Ex parte State, 121 So.3d 337, 356 (Ala.2013).

. There is no dispute that the gaming at issue in the instant case, and the machines seized by the State, do not comply with the description of “bingo” found in Cornerstone.