500 So.2d 1188 (1986)
James Willie COCHRAN
v.
STATE.
6 Div. 886.
Court of Criminal Appeals of Alabama.
January 28, 1986.
On Return to Remand May 27, 1986.
Rehearing Denied June 24, 1986.
Joel L. Sogol of Sogol & Chandler, Tuscaloosa, and Don Heflin, Huntsville, for appellant on remand.
Charles A. Graddick, Atty. Gen., for appellee on remand.

AFTER REMANDMENT
BOWEN, Presiding Judge.
As directed by the Alabama Supreme Court in Ex parte Cochran, 500 So.2d 1179 (Ala.1985), this cause is remanded with directions that the circuit court hold "a new sentencing hearing, at which the trial judge is required to issue specific written findings on all evidence of mitigating factors." Cochran, supra.
REMANDED WITH DIRECTIONS.
All Judges concur.

ON RETURN TO REMAND
BOWEN, Presiding Judge.
On remand, the trial court reviewed the record and made specific written findings on the existence or nonexistence of each of the statutory mitigating circumstances of Alabama Code 1975, § 13A-5-33(2) (Repealed), and of any additional nonstatutory mitigating circumstances of which evidence had been offered at the sentencing hearing. See Appendix I.
On remand to the circuit court, the appellant argued that in Ex parte Cochran, 500 So.2d 1179 (Ala.1985), the Alabama Supreme Court ordered that an entirely new sentencing hearing be held. While that order is ambiguous, we consider the trial court's reconsideration of the original sentencing hearing and its supplemental findings to constitute substantial compliance with the objective of the order on remand.
The judgment of the circuit court is affirmed.
OPINION EXTENDED; JUDGMENT AFFIRMED.[*]
All Judges concur.

APPENDIX I

STATE OF ALABAMA

v.

JAMES WILLIE COCHRAN

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT OF ALABAMA

CRIMINAL DIVISION

CASE NO. CC77-02211

ORDER ON SUPPLEMENTAL SENTENCING HEARING AS ORDERED ON REMAND FROM SUPREME COURT AND COURT OF CRIMINAL APPEALS
Defendant's motion for a continuance to enable him to conduct investigation; a motion for funds to hire an investigator, and a motion for a psychiatric examination, all to explore for mitigating circumstances is denied and overruled.
The case has been remanded by the Supreme Court in that:
"... the trial judges' order does not state whether he considered the evidence offered by defendant and then determined that it was insufficient or whether he merely precluded it without consideration. Without knowing what the trial judge did, we are unable to properly review his sentencing decision. Therefore, on remand, the trial judge should enter specific written findings on the existence or nonexistence of each of the statutory mitigating circumstances.
The Court of Criminal Appeals also so directed.
In accord with the above, the trial judge, after due consideration and review of the *1189 evidence, amends and makes supplemental findings to this court's previous findings dated April 2, 1982 in the court's sentencing hearing.
The statutory mitigating circumstances and, after consideration of each separately, court's findings thereon are as follows:
1. The defendant has no significant history of prior criminal activity. This court finds this is not a mitigating circumstance for the defendant. The evidence shows defendant has a murder conviction in May 1961 and a robbery conviction in February 1976 and the court so finds.
2. The court finds and here [sic] is no evidence "that the capital offense was committed while defendant was under the influence of extreme mental or emotional disturbance" and item two is not a mitigating circumstance under the evidence in this case.
3. "The victim was a participant in the defendant's conduct or consented to it." The court finds that this is not a mitigating circumstance in this case.
4. There is no evidence of and this court finds that the defendant was not "... an accomplice in the capital offense committed by another person and his participation was relatively minor." Hence this is not considered a mitigating circumstance.
5. The court finds from the lack of evidence, and it is a fact that item five of the statutory mitigating circumstances is non-existent in that defendant did not "... act under extreme duress or under the substantial domination of another person."
6. "The capacity of the defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law was substantially impaired" is the sixth statutory mitigating circumstance. The court knows of nothing in the evidence to support this and finds it non-existent as applied to this defendant and not a mitigating circumstance.
7. The last and seventh circumstance listed is "the age of the defendant at the time of the crime." The court finds that defendant was at the time of the crime a mature adult and age is not a factor of mitigation and not a mitigating circumstance.
This court, in addition to the above, considered all testimony advanced, or which might remotely be a mitigating circumstance. That defendant had been in the county jail from August 1981 to April 1982 and had been a good prisoner with no disciplinary problem was considered, but of no weight, and not a mitigating circumstance. That defendant's former employer found him a good employee in 1973 or 1974 up to the time he was fired, was of no weight and is found by the court not a mitigating circumstance.
The trial court does not construe the directions of the appellate courts to require additional investigation or the taking or seeking of further evidence. It is acknowledged by the appellate attorneys that in the trials of this case, reaching the sentencing phase, experienced criminal lawyers (one of whom is known nationwide for his representing capital case defendants) were involved. The transcript contains no request, by defendant's attorneys, for further investigation, nor availability of further mitigating evidence, nor a continuance for such. Nor did the trial judge. No contention is made that they failed in their duty to defendant or were in any wise not competent.
This court is certain that any trial judge trying a capital case (and this judge has tried several) will search and research for mitigating circumstances in all parts of the trial. This court in the trial of this case before and the trial in 1982 considered every aspect of character and record searching for even a scintilla of evidence that could be so considered as a basis for a sentence less than death. In reviewing the case in retrospect today, nothing has changed.
This court finds nothing to extenuate or lessen the gravity of this case. It further finds that there are no mitigating circumstances. The aggravating circumstances totally outweigh the mitigating circumstance, there being none. Defendant-appellant's *1190 exceptions to the court's findings and rulings are overruled.
The aggravating circumstances are beyond a reasonable doubt sufficient to uphold the jury's fixing the punishment at death and this court so finds as a fact.
DONE this 25 day of February, 1986.
 s/ William H. Cole
 Circuit Judge
cc: District Attorney
 Richard Jaffe
NOTES
[*] Affirmed on certiorari, 500 So.2d 1064 (Ala.1986).