Eddie Roger Harris was indicted for the offense of possession of marijuana in the first degree, in violation of §13A-12-213(a)(1), Code of Alabama 1975. The jury found Harris guilty as charged in the indictment, and he received a split sentence of five years, with six days to serve in the county jail and five years' probation for the remainder of the suspended sentence. Three issues are raised on appeal. *Page 727 
 I
Harris contends that the trial court erred in denying his motion to suppress the evidence seized under the search warrant because of deficiencies in the warrant and affidavit.
On November 7, 1990, the Opelika Police Department executed a warrant to search the persons of Harris and Gail Brooks and the mobile home located at lot 119, King's Trailer Park in Opelika. The affidavit accompanying the warrant stated that the light and power files of the City of Opelika indicate that the utilities at lot 119, King's Trailer Park, were in the name of Gail Brooks.
In executing the warrant, the police found Harris, Gail Brooks, and a child in the mobile home. Although no marijuana was found on Harris's person, the police found several packets of marijuana and many partially smoked marijuana cigarettes in the mobile home. After the police conducted their search, they arrested Harris and Brooks for possession of marijuana for other than personal use.
At the beginning of the suppression hearing, the State argued that Harris did not have standing to suppress the evidence seized pursuant to the search warrant because even Harris had acknowledged that the mobile home was not his residence. Harris answered that there was no evidence before the court as to his standing. After testimony was taken in the hearing, the State again renewed its objection based on Harris's standing to challenge the search of someone else's residence. Defense counsel responded that the State had the burden of establishing evidence that Harris lacked standing.
After the State had rested, it again made an objection as to standing and asked the court for a ruling on its objection. The court stated that it was not going to rule until the hearing was over. After all testimony was taken and the court heard arguments by the defense, it denied the motion.
An appellant wishing to establish standing to challenge the introduction of evidence obtained as a result of an alleged violation of the Fourth Amendment must demonstrate that he has a legitimate expectation of privacy in the area searched.Cochran v. State, 500 So.2d 1161 (Ala.Cr.App. 1984), rev'd inpart on other grounds, 500 So.2d 1179 (Ala. 1985), on remand,500 So.2d 1188 (Ala.Cr.App. 1986), aff'd, 500 So.2d 1064 (Ala. 1986), cert. denied, 481 U.S. 1033, 107 S.Ct. 1965,95 L.Ed.2d 537 (1987). Although an appellant's name appears on the search warrant, that fact alone does not confer upon him any legitimate expectation of privacy in another person's property sufficient to have standing to move to suppress evidence seized in a search of that property. United States v. Womack,654 F.2d 1034 (5th Cir. 1981), cert. denied, 454 U.S. 1156,102 S.Ct. 1029, 71 L.Ed.2d 314 (1982). "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." Rakas v. Illinois, 439 U.S. 128, 134,99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978). "For a search to violate the rights of a specific defendant, that defendant must have a legitimate expectation of privacy in the place searched, and the burden is squarely on the defendant asserting the violation to establish that such an expectation existed." Kaercher v.State, 554 So.2d 1143, 1148 (Ala.Cr.App.), cert. denied,554 So.2d 1152 (Ala. 1989).
The State, through its witness, presented evidence that the utilities at the mobile home that was the subject of the search warrant were in the name of Gail Brooks, not Harris. Although property ownership is a factor, other factors to be weighed include: whether Harris had a possessory interest in the things seized or the place searched; whether he had the right to exclude others from that place; whether he had exhibited a subjective expectation that it would remain free from governmental invasion; whether he took normal precautions to maintain his privacy; and whether he was legitimately on the premises. Kaercher v. State, supra, 554 So.2d at 1148. *Page 728 
Reviewing the evidence presented at the suppression hearing, we conclude that no evidence was presented on behalf of Harris to demonstrate that he had a legitimate expectation of privacy in the mobile home and that his Fourth Amendment rights were violated by the search.
Harris, moreover, contended throughout the trial that he didnot live at the mobile home that was searched and therefore that the drugs found therein were not his or in his possession. We therefore conclude that the trial court properly denied Harris's motion to suppress based upon the absence of any
evidence that Harris had a legitimate expectation of privacy in the place searched so as to confer upon him standing to object to the search.
 II
Harris contends that the evidence of his constructive possession of the marijuana found in the search of the mobile home was insufficient to support his conviction for possession of marijuana for other than personal use.
To establish possession, the State must prove: 1) actual or potential control; 2) intention to exercise dominion; and 3) an external manifestation of intent and control. Eady v. State,495 So.2d 1161 (Ala.Cr.App. 1986). "Where constructive possession is relied on the State must also prove beyond a reasonable doubt that the accused knew of the presence of the prohibited substance." Temple v. State, 366 So.2d 740, 741
(Ala.Cr.App. 1978). Where, however, illegal substances are found on premises under the control of the defendant, an inference may arise that the defendant had knowledge and possession of such drugs. Self v. State, 564 So.2d 1023
(Ala.Cr.App. 1989), writ quashed, 564 So.2d 1035 (Ala. 1990).
A defendant's mere presence in the mobile home where an illegal substance was found will not support a conviction for possession of a controlled substance unless the State introduces other evidence supporting the defendant's possession, and the types of circumstantial evidence necessary to show the possession will vary with each case. Perry v.State, 534 So.2d 1126 (Ala.Cr.App. 1988).
The State presented the following circumstantial evidence of constructive possession: The codefendant, Gail Brooks, testified that she had resided at 119 King's Trailer Park in Opelika for six or seven years; that she and Harris had known each other for eight years and had had a child together; that Harris came over to her mobile home on a daily basis; and that Harris could come and go from her mobile home as he pleased. Brooks further testified that Harris had come to the mobile home with some friends on the night of the search but that the friends had evidently left before the police arrived. Brooks testified that she was in bed with a cold on the night in question and that she could not identify the friends. Brooks further testified that an eyeglass case containing 18 packets of a green leafy substance that was found by the police in her living room about 10 feet from Harris did not belong to her.
Detective Aris Murphy of the Opelika Police Department testified that in addition to the eyeglass case containing 18 packets of a green leafy substance, the police discovered the following items during their search of the mobile home; 1) several tinfoil packets containing a green leafy matter laying out in the open on a portable bar in the kitchen near Harris; 2) another tinfoil packet containing a green leafy matter laying on the kitchen floor; 3) an ashtray on top of the television in the living room containing several partially smoked marijuana cigarettes; 4) an ashtray on an end table in the living room containing several partially smoked marijuana cigarettes; 5) an ash tray on a coffee table in the living room containing several partially smoked marijuana cigarettes; 6) several partially smoked marijuana cigarettes in a kitchen drawer; 7) several partially smoked marijuana cigarettes and a tinfoil packet containing a green leafy substance in another kitchen drawer; 8) a paper sack on the bed containing a plastic bag with a green leafy *Page 729 
substance inside; and 9) rolling papers and a pipe.
Murphy further testified that neither Harris nor Brooks would open the door to the mobile home when the police announced themselves and that after announcing themselves three times, the police had to pry open the front door to the mobile home to execute the search warrant. According to Murphy, when the police entered the mobile home, they found Harris in the kitchen within 10 feet of the eyeglass case. Murphy further testified that there was nothing in the mobile home restricting Harris's movement from the kitchen to the other rooms.
An expert subsequently testified that the substance found in the ashtrays, the tinfoil packets, the plastic bag, and the eyeglass case was marijuana. The expert also testified that out of a package containing 15 partially smoked hand-rolled marijuana cigarettes, only two of the cigarettes had red lipstick on them.
The testimony of the codefendant clearly established Harris's control of the premises where the illegal substance was found. According to Brooks, Harris came to her mobile home on a daily basis and could come and go as he pleased. Harris, moreover, had the ability to invite whomever he wanted to come over to the mobile home.
Because illegal substances were found on premises under Harris's control, the jury could reasonably infer that Harris had knowledge and possession of the drugs based upon the following circumstantial evidence: 1) an eyeglass case containing 18 packets of marijuana was found 10 feet from Harris, and Brooks denied ownership of the case; 2) numerous packets of marijuana were found out in the open in the kitchen where only Harris was standing when the police arrived; and 3) numerous partially smoked marijuana cigarettes were found in three ashtrays in plain view of Harris and only two of the cigarettes had lipstick marks.
Based upon the testimony and circumstantial evidence discussed above, we hold that the State presented sufficient evidence of constructive possession to warrant Harris's conviction for possession of marijuana for other than personal use.
 III
Harris contends that the trial court erred in refusing seven of his requested written charges, which he argues, were correct statements of the law.
The refusal of a requested written charge that is a correct statement of the law is not grounds for reversal if the same rule of law has been adequately covered by other jury charges given at the request of the parties or if the same rule of law has been substantially covered in the oral charge of the court. Section 12-16-13, Code of Alabama 1975. Cephus v. State,539 So.2d 400 (Ala.Cr.App. 1988).
A careful review of the record reveals that each of the seven requested written charges refused by the court was substantially covered either by the oral charge of the court or by the other jury charges given at Harris's request. Hence, no error occurred.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.