MOORE, Judge.
Robert K. Cash (“the father”) appeals from a judgment of the Lee Circuit Court in a postdivorce proceeding. We affirm the judgment in part and dismiss the appeal in part.

Procedural History

On June 29, 2007, the father and Lynn Cash, now Lynn Cash Sumner (“the mother”), were divorced by a judgment of the trial court; that judgment did not address matters relating to the parties’ children. On January 26, 2010, a final judgment addressing matters relating to the parties’ children was entered.
On November 22, 2010, the mother filed a “Complaint to Hold Defendant in Contempt and [for] Enforcement of Final Order.” On January 23, 2011, the father filed an “Answer and Counterpetition.” On February 3, 2011, the mother answered the counterpetition and also filed “Plaintiffs First Amended Complaint.” On June 7, 2011, the father answered the amended complaint. A hearing was held on June 7, 2011.
On June 20, 2011, before a final judgment was entered, the mother filed a motion entitled “Verified Motion to Hold Defendant in Contempt for Violation of Court Orders,” in which she alleged that the father had failed to timely return the children to her following his Father’s Day visitation. On June 28, 2011, the father filed a “Response to Plaintiffs Motion to Hold Defendant in Contempt for Violation of Court Orders and Motion for Contempt”; in part, he alleged that the mother had withdrawn one of the children from a sports activity without the father’s consent in violation of the divorce judgment. On July 14, 2011, the trial court entered an order addressing the mother’s “Complaint to Hold Defendant in Contempt and Enforcement of Final Order” and the father’s counterpetition.
On August 19, 2011, the trial court held a hearing on the mother’s “Verified Motion *1243 to Hold Defendant in Contempt for Violation of Court Orders” and the father’s “Response to Plaintiffs Motion to Hold Defendant in Contempt for Violation of Court Orders and Motion for Contempt.” On August 23, 2011, the trial court entered a judgment finding the father in contempt of court for his failure to return the children after his Father’s Day visitation as the parties had agreed and awarding the mother an attorney fee.[1] The father filed his notice of appeal to this court on October 4, 2011.

Discussion

On appeal, the father first argues that the trial court erred in finding him in contempt of court for his failure to return the children as agreed between the parties because, he says, there was no provision in the divorce judgment specifying the time that the children were to be returned. He also argues that the attorney-fee award should be reversed because the contempt finding was in error. We note, however, that the trial court stated in its judgment that “general provisions in the [divorce judgment] require the parents to cooperate and communicate in this endeavor.” Although a copy of the divorce judgment does not appear in the record on appeal, the father does not deny the existence of that provision.
In its judgment, the trial court found that the parties had agreed that the father would return the children to the mother at 8:00 a.m. the day following Father’s Day. The trial court further found that, on the night of Father’s Day, the father sent a text message to the mother reneging on that agreement and then turned his telephone off and went to bed. The father did not return the children at 8:00 a.m. the following day. We have reviewed the transcript of the hearing and conclude that the trial court’s findings are supported by the evidence presented by the mother. We further conclude that the trial court did not exceed its discretion in determining that the father’s actions rose to the level of contempt of the general provisions of the divorce judgment requiring cooperation and communication between the parties. See, e.g., State ex rel. Nathan v. Nathan, 680 So.2d 339, 343 (Ala.Civ.App.1996) (affirming contempt finding when the mother “ Tailed to fully comply with the spirit and letter of the divorce decree,’ ” which required the mother “to maintain close contact with the [father] relative to the welfare of the minor children” (quoting Broadnax v. Broadnax, 558 So.2d 929, 930 (Ala.Civ.App.1989))). The trial court’s judgment finding the father in contempt and awarding the mother an attorney fee is affirmed.
The father next argues that the trial court erred in orally instructing the parties at the trial with regard to matters outside of the pleadings. As the father notes, the trial court did not set forth its instructions on those matters in writing. “Rule 58(a)[, Ala. R. Civ. P.,] does not allow for an oral rendition of a judgment or order.” Ex parte Chamblee, 899 So.2d 244, 248 (Ala.2004). Thus, to the extent that the trial court attempted to enter an oral order on matters outside the pleadings, that judgment is not in compliance with Rule 58, and we must dismiss the appeal to the extent that the oral order is challenged. S.J.S. v. B.R., 949 So.2d 941, 944 (Ala.Civ.App.2006).[2]
*1244 APPEAL DISMISSED IN PART; JUDGMENT AFFIRMED IN PART.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. Although the trial court did not explicitly rule on the father’s "motion for contempt," the trial court "sufficiently indicate[d] an intention to [deny the father's motion]." Faelaci v. Faelaci, 67 So.3d 923, 925 (Ala.Civ.App.2011).

. The mother argues that the oral order is moot. Because we are declining to address *1244 the merits of the order, we need not consider the question of mootness.