STUART, Justice.
This Court granted certiorari review to determine whether the Court of Civil Appeals erred in reversing the Madison Circuit Court’s summary judgment for the State. We reverse and remand.
Facts and Procedural History
According to the materials submitted to the trial court, while serving a subpoena on Christopher Okafor at the residence of Shanna Hereford, law-enforcement officers noticed a strong smell of marijuana and entered the residence. When an officer asked Okafor if there was marijuana in the residence, Okafor responded that there was. When the law-enforcement officers requested that Okafor sign a consent form to permit a search the residence, Okafor informed the law-enforcement officers that he did not live at the residence and that he could not sign a consent form to search the residence. Okafor, however, led the law-enforcement officers to the marijuana, which was located in a white plastic bag in the closet of a downstairs bedroom. A subsequent search of the bedroom resulted in the seizure of not only the marijuana, but also $16,500 in cash. Okafor denied any knowledge or ownership of the currency.
On February 8, 2013, the State, pursuant to § 20-2-93, Ala. Code 1975, filed a complaint against Okafor seeking to condemn the $16,500 seized from Hereford’s residence. Okafor filed an answer in which he stated that he was the lawful owner of the currency, that the currency was not subject to condemnation, and that the law-enforcement officers had seized the currency during an unlawful search. The State moved for a summary judgment. In opposition to the State’s summary-judgment motion, Okafor, among other arguments, contended that the law-enforcement officers did not have probable cause or consent to enter Hereford’s residence and that any consent that they may have gotten for the search of the residence was not given knowingly, intelligently, and/or freely. In support of his contentions, Oka-for submitted an affidavit from Hereford, in which she stated that she did not give the law-enforcement officers consent to enter or to search her house because, she said, her written consent to search her house was not freely given because the officers stated that they would not leave her house until it was searched.
After conducting a hearing on the State’s summary-judgment motion, the trial court entered a summary judgment for the State, declaring that the currency was *95 contraband and ordering the forfeiture of the currency to the State. Okafor appealed the trial court’s judgment to the Court of Civil Appeals.
Before the Court of Civil Appeals, Oka-for argued that the trial court erred in entering a summary judgment for the State because, he said, the search of Hereford’s residence and the seizure of the currency violated the Fourth Amendment. The State responded, arguing that Okafor did not have standing to challenge the constitutionality of the search and seizure. The Court of Civil Appeals, in a per cu-riam opinion, reversed the summary judgment and remanded the case for further proceedings. Okafor v. State, 225 So.3d 72 (Ala.Civ.App.2016). The Court of Civil Appeals held that Okafor presented sufficient evidence to create genuine issues of material fact with regard to the legality of the search of Hereford’s residence and the legality of the seizure of the currency. Specifically, the Court of Civil Appeals concluded that genuine issues of material fact existed with regard to “whether [Oka-for] could have reasonably believed that he was in ‘custody’ at the time he was questioned about the presence of marijuana in the house and whether his Fifth Amendment right against self-incrimination was violated.” 225 So.3d at 83. The evidence the Court of Civil Appeals cited to support its conclusion that genuine issues of material fact existed was contained in an affidavit from Hereford, in which she alleged that four law-enforcement officers entered the house yelling, carrying weapons, and using physical force; that the entry was without a warrant; that the law-enforcement officers informed her that they were not going to leave until they searched the house; and that the officers constrained her freedom and that of Okafor when questioning them. Judge Donaldson disagreed with the majority’s conclusion that genuine issues of material fact existed with regard to the legality of the search because, he concluded, although the evidence before the trial court demonstrated that Hereford had standing to challenge the legality of the search and seizure, Okafor did not present any evidence, much less substantial evidence, to establish that he had standing to challenge the search and seizure.
The State petitioned this Court for cer-tiorari review, arguing, among other grounds, that the Court of Civil Appeals erred in concluding that genuine issues of material fact existed with regard to the legality of the search and seizure because, it contended, Okafor did not have standing to challenge the legality of the search of the house where the currency was found. The State maintained in its petition that the decision of the Court of Civil Appeals that Okafor had standing to challenge the search of Hereford’s house and the seizure of the currency found therein conflicted with Ex parte Collier, 413 So.2d 403, 404 (Ala.1982)(recognizing that a defendant must have an expectation of privacy or a proprietary interest in the property searched to challenge a search).
Standard of Review
“In reviewing a decision of the Court of Civil Appeals on a petition for a writ of certiorari, this Court ‘accords no presumption of correctness to the legal conclusions of the intermediate appellate court. Therefore, we must apply de novo the standard of review that was applicable in the Court of Civil Appeals.’ Ex parte Toyota Motor Corp., 684 So.2d 132, 135 (Ala.1996).”
Ex parte Exxon Mobil Corp., 926 So.2d 303, 308 (Ala.2005). The standard of review for a summary judgment is as follows:
*96 “We review the trial court’s grant or denial of a summary-judgment motion de novo, and we use the same standard used by the trial court to determine whether the evidence presented to the trial court presents a genuine issue of material fact. Bockman v. WCH, L.L.C., 943 So.2d 789 (Ala.2006). Once the summary-judgment movant shows there is no genuine issue of material, fact, the nonmovant must then present substantial evidence creating a genuine issue of material fact. Id. ‘We review the evidence in a light most favorable to the nonmovant.’ 943 So.2d at 795. We review questions of law de novo. Davis v. Hanson Aggregates Southeast, Inc., 952 So.2d 330 (Ala.2006).”
Smith v. State Farm Mut. Auto. Ins. Co., 952 So.2d 342, 346 (Ala.2006).
Discussion
The State contends that the Court of Civil Appeals erred in holding that Oka-for presented substantial evidence to satisfy his burden of proof in challenging the State’s summary-judgment motion. Specifically, the State argues that the Court of Civil Appeals’ holding, which allows Okafor to challenge the legality of the search of Hereford’s residence and the seizure of the currency, is erroneous because, it says, Okafor does not have standing to challenge the search of Hereford’s house.
In Ex parte Collier, supra, this Court held that a defendant must have an expectation of privacy or a proprietary interest in the property searched to have standing to challenge the search of the property.
The Court of Criminal Appeals elaborated on a defendant’s standing to challenge a search in Jones v. State, 946 So.2d 903, 919-20 (Ala.Crim.App.2006), stating;
“The appellant also argues that the trial court'improperly admitted evidence law enforcement officers seized from the Jones and the Lazenby residences and from the Mercedes [automobile] pursuant to. unlawful searches. Specifically, he contends that he had an expectation of privacy in the residences and the vehicle; that officers did not obtain warrants tó search the residences and the vehicle; and that he did not consent to the searches ....
[[Image here]]
“We must first determine whether the appellant has’ standing" to- challenge the search and seizure with regard to the Jones residence"....
“ ‘An appellant wishing to establish standing to challenge the introduction of evidence obtained as a result of an alleged violation of the Fourth Améndment must demonstrate that he has a legitimate expectation of privacyfin the area searched. Cochran v. State, 500 So.2d 1161 (Ala.Cr.App.1984), rev’d in part on other grounds, 500 So.2d 1179 (Ala.1985), on remand, 500 So.2d 1188 (Ala.Cr.App.1986), aff'd, 500 So.2d 1064 (Ala.1986), cert. denied, 481 U.S. 1033, 107 S.Ct. 1965, 95 L.Ed.2d 537 (1987).... “A person who is aggrieved by-an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person’s premises or property has not had any of his Fourth Amendment rights infringed.” Rakas v. Illinois, 439 U.S. 128, 134, 99 S.Ct. 421, 425, 58 L.Ed.2d 387 (1978). “For a search to violate the rights of a specific defendant, that defendant must have a legitimate expectation of privacy in the place searched, and the burden is squarely- , on the defendant asserting the, violation to . establish that such an expectation existed.” Kaercher v. State, 554 So.2d 1143, 1148 (Ala.Cr.App.), cert. denied, 554 So.2d 1152 (Ala.1989).’
*97 “Harris v. State, 594 So.2d 725, 727 (Ala. Crim.App.1991).
“ ‘ “No one circumstance is talis-manic to the Rakas inquiry. ‘While property ownership is clearly a factor to be considered in determining whether an individuars Fourth Amendment rights have been violated, property • rights are neither the beginning nor the end of ... [the] inquiry.’ United States v. Salvucci, 448 U.S. 83, 92, 100 S.Ct. 2547, 2553, 65 L.Ed.2d 619, 628 (1980) (citation omitted). Other factors to be weighed include whether the defendant has a possessory interest in the thing seized or the place searched, whether he has' the right to exclude others from that place, whether he has exhibited a subjective expectation that it would remain free from governmental invasion, whether he took normal precautions to maintain his privacy and whether he was legitimately on the premises. See, id.; Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 2559, 65 L.Ed.2d 633 (1980); Rakas v. Illinois, 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).”
“‘United States v. Haydel, 649 F.2d 1152, 1155 (5th Cir.1981), cert. denied, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 140 (1982).
[[Image here]]
“ ‘... Ownership or a possessory interest in property seized, while relevant in determining whether a defendant’s Fourth Amendment rights have been violated, is not sufficient alone to warrant a finding that the defendant had a reasonable expectation of privacy in the place where the property was discovered. Rawlings v. Kentucky, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); Ramires v. State, 492 So.2d 615 (Ala.Cr.App.1985).’
“Kaercher v. State, 554 So.2d 1143, 1148-50 (Ala.Crim.App.1989).”
(Emphasis added.)
In Kevin Sharp Enterprises, Inc. v. State ex rel. Tyson, 923 So.2d 1117, 1120 (Ala.Civ.App.2005), the Court of Civil Appeals, quoting Draper v. State, 641 So.2d 1283, 1285 (Ala.Crim.App.1993), quoting in turn Williams v. State, 601 So.2d 1062, 1070 (Ala.Crim.App.1991), stated, with regard to a defendant’s standing to challenge a search:
“ ‘ “When a motion to suppress evidence in a criminal case is based on the ground that the evidence was obtained in violation of the Fourth Amendment, one issue is whether the movant has standing to assert the claim and to seek the remedy' of exclusion. The rights afforded protection by the Fourth Amendment are personal rights. To show that a party has standing to object to a search, the party must have a possessory inter-ést in the premises searched. The ‘ “capacity to claim the protection of the [Fourth] Amendment depends not upon a property right in the invaded place but upon whether the area was one in which there was a reasonable expectation of freedom from governmental intrusion.” ’ ‘A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person’s premises or property has not had any of his Fourth ~ Amendment rights infringed’ ” ’”
(Citations omitted; emphasis added.)
To reach its conclusion that genuine issues of material fact exist as to “whether Okafor could have reasonably believed that he was in ‘custody’ at- the time he was questioned about the presence of marijuana in the house and whether his Fifth Amendment right against self-incrimina *98 tion was violated,” 225 So.3d at 83, the Court of Civil Appeals had to determine initially that Okafor had standing to challenge the legality of the search of Hereford’s residence or that a genuine issue of material fact existed as to whether Okafor had standing to challenge the legality of the search. Okafor, however, did not'present substantial evidence that he had standing to challenge the legality of the search. There is no genuine issue of material fact as to whether Okafor had a legitimate expectation of privacy or a proprietary interest in Hereford’s residence to establish standing to challenge the search. Oka-for denied that he resided at the house, and the evidence he submitted to the trial court does not dispute that fact. Additionally, it is undisputed that Okafor led the officers to the bedroom where the currency was and that, at the time of the seizure of the currency, Okafor denied that the currency was his property. Okafor simply did not present any evidence, much less substantial evidence, indicating that he had a legitimate expectation of privacy or a proprietary interest in the residence. As Judge Donaldson stated in his dissent: “Okafor’s conduct at the time of the search failed to exhibit a legitimate expectation of privacy in the residence; in fact, the evidence was undisputed that he expressly disclaimed such an interest.” 225 So.3d at 91. In reaching its conclusion that the trial court erred in entering a summary judgment for the State, the Court of Civil Appeals relied on evidence indicating that four law-enforcement officers entered the house yelling, carrying weapons, and using physical force; that the entry was without a warrant; that the law-enforcement officers informed Hereford that they were not going to leave until they searched the house; and that, according to Hereford’s statement, the officers constrained her freedom and that of Okafor when questioning them. Although ample evidence exists •indicating that Hereford had an expectation of privacy and a proprietary interest in the residence and, consequently, that she may have standing to challenge the search, the record does not contain, and the Court of Civil Appeals did not cite any, much less substantial, evidence creating a genuine issue of fact as to whether Okafor had an expectation of privacy or a proprietary interest in the residence so as to establish his standing to challenge the search. Therefore, Okafor did not satisfy his evidentiary burden in opposition to the State’s summary-judgment motion.
Conclusion
“Fourth Amendment rights are personal rights which, like some other constitutional rights, may not be vicariously asserted.” Alderman v. United States, 394 U.S. 165, 174, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). Because Okafor did not demonstrate that he had a legitimate expectation of privacy or a proprietary interest in Hereford’s residence, he did not establish that he had standing to challenge the search of the residence and the seizure of the currency. The judgment of the Court of Civil Appeals is reversed, and this case is remanded to that court for the entry of an order consistent with this opinion.
REVERSED AND REMANDED.
Bolin, Parker, Main, and Wise, JJ., concur.
Murdock, Shaw, and Bryan, JJ., dissent.